[S. F. No. 1508.    Department One.—October 3, 1900.]

## C. E. WHITNEY & Co., Appellant, *v.* SELLERS' COMMIS-SION COMPANY, Respondent.

ACTION AGAINST CORPORATION—PLACE OF TRIAL—PRINCIPAL PLACE OF BUSINESS—CONTRACT MADE IN COUNTY OF VENUE.—In an action against a corporation upon a contract made in the county of the venue, the corporation is not entitled to change the place of trial to another county in which it has its principal place of business.

ID.—ORDER CHANGING PLACE OF TRIAL—REVERSAL UPON APPEAL—AFFI-DAVITS WITHOUT SUBSTANTIAL CONFLICT—KNOWLEDGE OF AFFIANTS.— An order changing the place of trial to the county where the corporation defendant has its principal place of business will be reversed upon appeal, where the affidavits show without substantial conflict that the contract sued upon was made in the county of the venue. An affidavit by one having no knowledge of the place where the contract was made does not sub-stantially conflict with the positive affidavits of persons who made the contract that it was made in the county of the venue.

APPEAL from an order of the Superior Court of the City and County of San Francisco changing the place of trial of an action.    Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Myrick & Deering, for Appellant.

The plaintiff was entitled to sue where the contract was made, and the defendant had no right to change the place of trial to the place of residence. (Const., art. XII, sec. 16; *Griffin etc. Co. v. Magnolia etc. Co.,* 107 Cal. 378, 381; *Trezevant v. Strong Co.,* 102 Cal. 47, 49; *Brady v. Times-Mirror Co.,* 106 Cal. 56, 58.)    The affidavits are documentary, and this court can pass upon their relative merit.    (*Tuller v. Arnold,* 93 Cal. 166; *Wilson v. Cross,* 33 Cal. 69; *Lander v. Beers,* 48 Cal. 547; *Reynolds v. Snow,* 67 Cal. 499.)

McGowan & Squire, for Respondent.

There being a conflict in the evidence as to the place where the contract was made, this court will not disturb the conclusion

of the court below. (*Bowers v. Modoc Land etc. Co.*, 117 Cal. 50, 53; *Hastings v. Keller*, 69 Cal. 606; *Daniels v. Church*, 96 Cal. 13; *Clanton v. Ruffner*, 78 Cal. 268.)

GAROUTTE, J.—This appeal is prosecuted from an order granting to defendants a change of place of trial to Humboldt county. The motion was made upon the ground that the defendant resided in that county. Plaintiff replied to the motion by affidavits to the effect that the contract sued upon was made in the city and county of San Francisco. Notwithstanding the residence of defendant may have been located in Humboldt county, still if the contract was made in the city and county of San Francisco, the fact of residence in another county did not justify the court in granting a change of venue. (*Trezevant v. Strong Co.*, 102 Cal. 47.)

It is now claimed by respondent that upon the affidavits introduced at the hearing a substantial conflict in the evidence arose as to where the contract was made. Upon careful examination of the evidence, the conflict relied upon is not apparent. The action is for an indebtedness based upon an express contract. A. L. Whitney swears that as the agent of plaintiff, in the office of plaintiff in the city and county of San Francisco, he made the contract sued upon, with one D. K. B. Sellers, who was then acting for and on behalf of defendant. D. K. B. Sellers swears that he was president of the defendant corporation at the time of the making of the contract set out in plaintiff's complaint, and that, acting for and on behalf of defendant, he entered into said contract with A. L. Whitney, who was then acting for plaintiff and that the contract was made in the city and county of San Francisco. The evidence of these two witnesses is very plain and positive, and goes squarely to the point. The only evidence offered by defendant even looking toward a contradiction of the evidence of Whitney and Sellers is the evidence of Everding, who testifies: "If defendant assumed, as set forth in the complaint, any of the indebtedness which was owed to it by D. K. B. Sellers, the same was assumed in the county of Humboldt, and not in the city and county of San Francisco." Everding, in this affidavit, makes no pretense of denying the statements of Whitney and Sellers

as to what occurred between them in the city and county of San Francisco in the making of the contract relied upon by plaintiff. It is evident he was not present at the time and knew nothing about it of his own knowledge. The statement we have taken from the affidavit of Everding is not sufficient to create a conflict with the evidence of Whitney and Sellers, and for this reason we find no substantial conflict in the evidence, and the motion for a change of venue should have been denied by the trial court.

For the foregoing reasons the order is reversed and the cause remanded.

Van Dyke, J., and Harrison, J., concurred.