[S. F. No. 1766.    In Bank. — November 27, 1901.]

## MILLER & LUX, Respondent, *v.* KERN COUNTY LAND COMPANY, Appellant.

ACTION BETWEEN CORPORATIONS — INJURY TO LAND — PRINCIPAL PLACE OF BUSINESS — VENUE — CHANGE OF PLACE OF TRIAL. — In an action brought in the city and county of San Francisco, between corporations, each of which has its principal place of business therein, to recover damages for injury to real property situated in Kern County, the defendant is not entitled to demand, as matter of right, to have the cause tried in that county, under section 392 of the Code of Civil Procedure, without any showing of grounds "to change the place of trial, as in other cases," as contemplated by section 16 of article XII of the constitution.

ID. — CONSTRUCTION OF CONSTITUTION. — Section 16 of article XII of the constitution, which provides for the venue of actions against corporations, and permits the action, at the election of the plaintiff, to be prosecuted "in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial, as in other cases," is self-executing, and applies to actions of tort, as well as those founded in contract.

Though it is in the nature of a code provision for procedure, it cannot be repealed or limited in its operation by statute, and any statute inconsistent therewith must give way.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to change the place of trial of an action.   Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Page, McCutcheon & Eells, for Appellant.

Houghton & Houghton, E. B. & George H. Mastick, and Frohman & Jacobs, for Respondent.

TEMPLE, J.— This action is between two corporations, each of which has its principal place of business at San Francisco, to recover damages for alleged injury to real property in Kern County.   At the proper time the defendant demanded a change of the place of trial to Kern County, showing, to obtain the order, only the fact that the property alleged to have been injured is in that county.   This appeal is from an adverse ruling.

Appellant bases its contention on section 392 of the Code of Civil Procedure, which provides that actions for injuries to real property must be tried in the county where the subject of the action, or some part of it, is situated.   The respondent relies upon section 16 of article XII of the constitution, which reads: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs, or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial, as in other cases."

This section is of the nature of a code provision in regard to procedure, and is obviously self-executing, and differs from a statutory code provision only in that it cannot be repealed, nor can its scope and operation be limited by a statute.   So far as it conflicts with a statute, the statute must give way.

Apparently, section 16 of article XII of the constitution does provide, as to actions against corporations, that suit may be brought, at the option of the plaintiff, in counties which may not be the county in which the land alleged to have been injured is situated.   The section applies to actions of tort, as

well as to those founded upon contract. It was expressly so held in *Lewis* v. *Southern Pacific R. R. Co.*, 66 Cal. 209, which decision has been repeatedly affirmed. It is quite obvious, also, from the language used in the section. The clauses of the section are disjunctively connected, and, in effect, refer to actions upon contract, or to actions to enforce an obligation or liability. Obligation is defined in sections 1427 and 1428 of the Civil Code. The law imposes upon one who has injured another the duty of making reparation, and upon this obligation the action for damages is based. (Pomeroy's Code Pleadings, secs. 453 et seq.) The word "liability," has always been held to apply to responsibility for torts, as well as for breach of contracts. (*Wood* v. *Currey*, 57 Cal. 208.) No reason is shown why an action upon a liability arising from a tort to real estate should be distinguished, in reference to this section, from actions upon other obligations or liabilities.

Great reliance seems to be placed by appellant upon the case of *Fresno National Bank* v. *Superior Court*, 83 Cal. 491, but I find nothing there favorable to appellant. That was an action upon contract, which was made and was to be performed in Fresno County, where the defendant corporation has its principal place of business. The action was brought in San Joaquin County, which was not a county indicated in section 16 of article XII of the constitution as a county in which suit may be brought for a breach of that contract. The defendant corporation asked for a dismissal of the action, on the ground that the superior court of San Joaquin County had no jurisdiction. This contention was based upon the idea that "may," in the section, means "must," and therefore no other counties except those named had jurisdiction. The decision was made upon denying a writ of prohibition. The ruling was, that section 16 of article XII was merely permissive. A plaintiff in such action may bring his action in either of the counties indicated, but if *he* does not choose to bring his action in either of said counties, but brings it in another, the constitutional privilege has no application, and section 5 of article VI of the constitution governs. Under that, the court had jurisdiction of the subject-matter of the action. Therefore the writ was denied. If the constitutional rule of procedure is not mandatory, and the decision has never been questioned, the conclusion must follow, but it is not perceived how that conclusion affects any question involved here. In the argument the

learned Commissioner referred to two cases for the condemnation of land, in which a change of venue to the principal place of business of the corporation was denied, and of these decisions he says in each case the denial was because section 1243 of the Code of Civil Procedure required such a proceeding to be instituted in the county where the land is situated, and since the proceeding is founded neither upon contract nor upon tort, he thought, if section 16 of article XII is mandatory, the plaintiff had an absolute right to a change.    The section was not involved in these cases.    Being founded neither upon contract nor upon tort, the proceeding was clearly not within section 16 of article XII.    The condemnation proceedings were not brought against a corporation, and were not founded upon a breach of a contract, nor to enforce an obligation or a liability.    They are not provided for in the constitution, and there was nothing to prevent the full operation of section 1243 of the code.    In neither of the cases was the constitutional provision alluded to.    The question was as to the effect of sections 396 and 1243 of the Code of Civil Procedure.    But whether this was a mistaken citation or not, there is nothing said which can aid the appellant.

That the constitutional provision is a privilege, given to a plaintiff in actions against corporations, which he may waive, and that in case of such waiver the statutory provision will control, was held in *Griffin & S. Co.* v. *Magnolia etc. Co.*, 107 Cal. 378; also, that it is a mere rule of procedure, to be construed with other like provisions, only differing in that the legislature cannot repeal or modify it.

A change of venue could, of course, have been granted, although the plaintiff had brought his suit in a county designated by the constitutional rule of procedure.    It is so provided. But this change cannot be made merely on the ground that the legislature has provided that some other county is the proper county in which the case should be tried.    This would amount *pro tanto* to a legislative repeal of a constitutional provision.    This is a logical conclusion from *Lewis* v. *Southern Pacific R. R. Co.*, 66 Cal. 209, and it was so declared in *Fresno National Bank* v. *Superior Court*, 83 Cal. 491.    It was also stated in *Trezevant* v. *W. R. Strong Co.*, 102 Cal. 47.    It was there said, speaking of section 16 of article XII of the constitution, that it "gives to a plaintiff the right to sue a corporation in either of the counties therein referred to, and the option

thus given includes something more than simply the bare right to choose the county where the complaint shall be filed in the first instance, and confers upon a plaintiff the right, also, to prosecute such action in the county where it is commenced, unless the place of trial is changed for some other reason than that of the residence of defendant." It was further said, that the right claimed to a change of venue was inconsistent with the right given to plaintiff,

The citation of the constitutional debates is not fortunate. Section 16 of article XII of the constitution, though broad enough to include actions arising upon contract, was, I think, undoubtedly mainly designed to apply to actions against railroad corporations for damages. That such actions were removed to a distant county, where the corporation had its principal place of business, was the grievance to be redressed, and this is why it was made a constitutional rule of procedure with which the legislature could not tamper.

The order is affirmed.

McFarland, J., Garoutte, J., Harrison, J., Van Dyke, J., Henshaw, J., and Beatty, C. J., concurred.

Rehearing denied.