[Sac. No. 1033.   In Bank.—December 11, 1903.]

## BANK OF YOLO, Respondent, v. THE SPERRY FLOUR COMPANY, Appellant.

ACTION AGAINST CORPORATION—VENUE—PLACE OF PERFORMANCE OF CONTRACT.—A plaintiff suing a corporation upon a contract has a right to commence the action in the county where the contract was made, or where it was to be performed. The contract is deemed to have been made in the county where the offer of one party was accepted by the other; and the place of performance, where none is expressly named, of a contract of the corporation to repay money advanced to it by the plaintiff bank, is at the bank where it can be found.

ID.—GENERAL RULE AS TO PLACE OF PERFORMANCE.—In a suit upon the contract of a corporation where no place of performance is expressly stipulated, it ought to be held performable in the place where the circumstances, viewed in the light of pertinent code provisions, indicate that the parties expected or intended it to be performed.

APPEAL from an order of the Superior Court of Yolo County refusing to change the place of trial of the action. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

Goodfellow & Eells, for Appellant.

E. R. Bush, for Respondent.

BEATTY, C. J.—The defendant is a California corporation, having its principal place of business in San Francisco. This action was commenced in the superior court of Yolo County, to recover money alleged to have been advanced to the defendant at its request and upon its promise to repay the same on demand. The defendant at the time of appearing in the action demanded a change of the place of trial to the city and county of San Francisco, upon the ground that it had not been sued in the proper county. The motion, subsequently made in pursuance of this demand, was overruled, and this is an appeal from that order.

The plaintiff had a right to commence the action in the county where the contract was made or where it was to be per-

formed. (Const., art. XII, sec. 16.) But appellant contends that the evidence upon which its motion was submitted clearly showed that the contract, if any contract was ever made, was neither made in Yolo County nor to be performed there. What the evidence does show is, that the cashier of plaintiff at Woodland, in Yolo County, called up the agent of defendant at Sacramento by telephone, and in effect offered to advance a certain sum of money to the purchaser of a lot of wheat (said to have been purchased for account of defendant) if defendant would agree to honor his draft for fourteen hundred dollars. To this proposition the agent of defendant answered by telephone that they would honor the draft. The plaintiff then advanced to the purchaser of the wheat the money which it seeks in this action to recover, and drew upon defendant for the fourteen hundred dollars, which draft was duly honored.

The question we have here to decide is not whether the evidence upon which the motion was submitted was sufficient to establish an agreement to repay to the bank the money advanced to the purchaser of the wheat. That is an issue which must await the trial of the cause. We have only to determine whether the contract alleged, if made at all, was made in Yolo County, or, if not made there, was to be performed there.

We are inclined to hold, upon the facts stated, that in legal contemplation the contract was made in Sacramento County. A contract is supposed to be made at some place, and the place where it becomes complete is the place where it is made. If a contract is made by exchange of letters or telegrams, it is held to have been made at the place where the letter is mailed, or telegram filed, containing an unconditional acceptance by one party of the offer of the other. If the communications are oral, either with or without the telephone, between parties on opposite sides of a county line, the same principle would seem to require that the contract should be deemed to have been made in the county where the offer of one is accepted by the other—in this case in Sacramento.

But if the contract was to be performed in Yolo County, the action was rightly commenced there, wherever it was made, and we think the place of performance was in Yolo County. The plaintiff is a banking corporation doing business at

Woodland, the county-seat of Yolo, and a promise to re-pay money advanced by it—no other place of payment being stipulated—must be deemed a promise to pay at its bank, the only place where it can be found. · This, we think, is a reasonable deduction from the provisions of the Civil Code (secs. 1488, 1489), in regard to the place where an offer of performance may be made; a conclusion not affected by the decisions construing the attachment law, in which it is held that a contract for the direct payment of money is not "payable in this state" within the meaning of that law, unless made so payable in express terms. (See *Eck* v. *Hoffman*, 55 Cal. 501; *Dulton* v. *Shelton*, 3 Cal. 207.)

In a suit upon the contract of a corporation, where no place of performance is expressly stipulated, it ought to be held performable in the place where the circumstances, viewed in the light of pertinent code provisions, indicate that the parties expected or intended it to be performed.

Upon these considerations, we think the order of the superior court should be affirmed, and it is so ordered.

McFarland, J., Angellotti, J., Van Dyke, J., Shaw, J., and Lorigan, J., concurred.