[S. F. No. 5151. In Bank.—April 10, 1911.]

## FRED R. COOK, Respondent, v. W. S. RAY MANUFAC-TURING COMPANY (a Corporation), Appellant.

DOMESTIC CORPORATIONS—PERSONAL ACTIONS—VENUE—CONSTITUTIONAL LAW.—Section 16 of article XII of the state constitution, providing that a domestic corporation or association "may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of

trial as in other cases," means not merely that a personal action against a domestic corporation may, at the option of the plaintiff, be commenced in one of the designated counties other than the one in which the defendant has its principal place of business, but that it may be prosecuted to final judgment where commenced unless the defendant can allege and show some sufficient ground for a change of the place of trial distinct from the fact that the residence of the corporation is in another county.

ID.—TRIAL OUTSIDE OF COUNTY OF RESIDENCE—EQUAL PROTECTION OF LAWS.—So construed, that section of the state constitution, in denying to domestic corporations the benefit of the right conferred by section 395 of the Code of Civil Procedure upon all natural persons resident of the state of having personal actions against them tried in the county where the defendant or some of the defendants reside, is not violative of the fourteenth amendment of the federal constitution, in depriving such corporations of the equal protection of the laws.

ID.—DISCRIMINATION BETWEEN CORPORATIONS AND NATURAL PERSONS—REAL AND PERSONAL ACTIONS.—At the time of the adoption of the present state constitution, conditions existed and still exist justifying the discrimination made by the legislature between corporations and natural persons as to the venue of personal actions, none of which affect the real or *quasi* real actions provided for by section 392 of the Code of Civil Procedure, as to which a domestic corporation as well as a natural person has the right, under the fourteenth amendment of the federal constitution, to have tried in the county in which the land is situated.

ID.—FOURTEENTH AMENDMENT — ONLY FUNDAMENTAL RIGHTS SAFE-GUARDED.—The fourteenth amendment of the federal constitution safeguards only fundamental rights, and not the mere form which the state may deem proper for their enforcement.

ID.—PLACE OF BREACH OF CONTRACT—PLEADING.—An action commenced in a designated county to recover damages for breach of warranty of the quality and fitness of certain material which it was alleged was sold and delivered by the defendant to the plaintiff in said county, sufficiently shows that the breach of the contract occurred in that county.

APPEAL from an order of the Superior Court of Santa Clara County refusing a change of the place of trial.   John E. Richards, Judge.

The facts are stated in the opinion of the court.

L. A. Redman, and Jewel Alexander, for Appellant.

Will M. Beggs, and R. C. McComish, for Respondent.

Page, McCutchen & Knight, Austin Lewis, and A. W. Royce, *Amici Curiæ.*

BEATTY, C. J.—The defendant in this action is a California corporation having its principal place of business in the city and county of San Francisco. The action was commenced in the county of Santa Clara to recover damages for breach of warranty of the quality and fitness of certain galvanized sheet iron which it was alleged was sold and delivered by the defendant to the plaintiff in said county of Santa Clara. The defendant demurred to the complaint and at the same time filed its demand, affidavits, and motion for an order changing the place of trial to said city and county of San Francisco, "where said defendant resides and has its principal place of business." This is an appeal from the order denying that motion, and involves a consideration of our constitutional and code provisions relating to the place of trial of those civil actions, in which our domestic corporations are defendants. By section 395 of the Code of Civil Procedure it is provided that all actions (with certain exceptions, among which the present does not fall) must be tried in the county in which the defendants or some of them reside. It has been frequently held in this state that a corporation resides at its principal place of business, and if the rights of the parties depended upon the statute alone the order denying the motion of defendant could not be upheld. But by section 16 of article XII of the constitution it is provided that:

"Sec. 16. A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

And this has been held to mean, not merely that an action against a corporation may, at the option of the plaintiff, be commenced in one of the designated counties other than the one in which the defendant has its principal place of business, but that it may be prosecuted to final judgment where commenced unless the defendant can allege and show some suffi-

cient ground for a change of the place of trial distinct from
the fact that the residence of the corporation is in another
county. (*Terezevant* v. *Strong & Co.*, 102 Cal. 49, [36 Pac.
395]; *Miller & Lux* v. *Kern County Land Co.*, 134 Cal. 589,
[66 Pac. 856].) So far as the construction of the constitu-
tion and statutes of California is concerned the doctrine of
these cases has never been questioned, except possibly in *Gro-
cers' Union* v. *Kern County Land Co.*, 150 Cal. 466, [89 Pac.
120], but it is here contended that the constitutional provi-
sion above quoted, as construed by this court, excludes our
domestic corporations from the benefit of a statutory right
conferred upon all natural persons resident of the state, and
is for that reason violative of the fourteenth amendment of
the constitution of the United States, and whether this is so
or not is the sole question to be decided.

It is true that the appellant urges the objection that the
complaint does not show that the breach of contract alleged
therein occurred in Santa Clara County, but we have no doubt
that it does.

It is also contended by the respondent that the punctuation
of section 16 of article XII of the constitution, requires a con-
struction which would allow a corporation to move for a
change of the place of trial only when the action has been
commenced in the county of its principal place of business.
We do not consider this the proper construction of the section,
and do not see how such construction would affect the disposi-
tion of the present appeal. If the main feature of said sec-
tion as construed in the cases above cited is violative of the
fourteenth amendment of the federal constitution no construc-
tion of its final clause could save it, and if it is not violative
of the fourteenth amendment, the construction contended for
is of no consequence in this case. Aside from these minor
questions, thus briefly considered, all that we have to decide
in this case is, as above stated, whether section 16 of article
XII of the constitution of California, as heretofore construed,
is, in its application to transitory actions, such as this, vio-
lative of a right secured to our domestic corporations by the
fourteenth amendment to the federal constitution. To sustain
its contention on this point the appellant relies principally
upon the decision of this court in the case of *Grocers' Union*
v. *Kern County Land Co.*, 150 Cal. 466, [89 Pac. 120]. That

case does clearly overrule our unanimous decision in *Miller &
Lux* v. *Kern County Land Company,* as the case was presented
on the first appeal. (134 Cal. 586, [66 Pac. 856].) It is per-
haps not in conflict with the point actually decided on the
second appeal of the Miller & Lux case—though the correct-
ness of the first decision was there assumed. In neither of
those cases, however, was the point suggested or considered,
upon which the decision in the Grocers' Union case turned,
and upon which the appellant here claims a reversal of the
order denying its motion for a change of the place of trial.
In that case for the first time we were asked to consider the
bearing of our code provisions as to venue upon section 16 of
article XII of our constitution, as affected by the fourteenth
amendment, and it was there decided, in effect, that our leg-
islature by section 392 of the Code of Civil Procedure has
declared it to be the permanent policy of the state that certain
actions based on claims of interest in, or damages to, real
property *must* be tried in the county where the land is situ-
ate, that the right conferred upon landowners by this provi-
sion is a substantial and valuable privilege, that there is no
imaginable reason why corporations owning lands within the
state should be denied a right common to all other landown-
ers, and therefore that the effect of such denial is to deprive
them of the equal protection of the laws, contrary to the inhi-
bition of the fourteenth amendment. It is here contended
that by section 395 of the Code of Civil Procedure it is de-
clared to be the permanent policy of the state that in a large
class of actions, including the present case, the trial must be
in the county where the defendant or some of the defendants
reside, that the privilege is a valuable one, and that there
is no reason for excluding our domestic corporations from
its advantages. If there is a flaw in this reasoning it consists
in ignoring the essential difference between real and *quasi*
real actions, and those personal actions covered by the terms
of section 16 of article XII of the constitution—the class of
actions which the debates in the constitutional convention
prove that the members had in mind when considering and
adopting said section. It was notorious at that time that
nearly all of the California corporations had designated San
Francisco as their principal place of business, and that while
they had offices in San Francisco where their books and

accounts were kept, their stocks transferred and their directors'
meetings held, they were operating mines and factories, and
making contracts to be performed in distant parts of the state,
that the nature of their business must necessarily involve
them in frequent litigation arising out of torts and breaches
of contract, that if all such cases must be tried in San Fran-
cisco the business of the local courts would be congested, that
there would be unreasonable and unnecessary delay in bring-
ing contested cases to trial, and the complaining parties often
subjected to ruinous expense in prosecuting their claims.
These considerations, none of which affect the class of cases
provided for in section 392 of the Code of Civil Procedure,
were deemed by the framers of our constitution sufficiently
important to justify the discrimination which they made be-
tween corporations and natural persons as to the venue of
personal actions, and so it seems to us, at least so far as it
affects actions for breaches of contracts, damages for personal
injuries, and the like. And here lies the distinction between
this case and *Grocers' Union* v. *Kern County Land Co.* In
that case it was found that there was no conceivable reason
for any discrimination between corporations and natural per-
sons as to the privilege of being sued only in the county where
the land affected was situate. Here it appears that there
were at the time our constitution was adopted weighty con-
siderations justifying the discrimination as to actions arising
out of breach of contract. The same conditions which pre-
vailed at that time still continue, though modified to some
extent by the fact that other places outside of San Francisco
are now the principal places of business of many large cor-
porations formed since the adoption of the constitution, which,
however, may be held to have accepted as one of the condi-
tions of their corporate existence the particular provision of
our constitution here in question. If the views above stated
are correct this case is governed by the principle affirmed
in *Cincinnati St. Railway Co.* v. *Snell*, 193 U. S. 30, [24 Sup.
Ct. 319, 48 L. Ed. 604]—the principle, that is to say, that the
fourteenth amendment safeguards only fundamental rights,
and not the mere form which the state may deem proper for
their enforcement. That was a case involving a discrimina-
tion made by a statute of the state of Ohio between corpora-
tions and natural persons as to the venue of personal actions,

and the statute was upheld by the supreme court of the United States without any dissenting opinion.

The order of the superior court is affirmed.

Angellotti, J., Shaw, J., Sloss, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.