[Civ. No. 3217.   First Appellate District, Division One.—January 12, 1920.]

L. F. GROVER, Appellant, v. THE WESTERN UNION TELEGRAPH COMPANY (a Corporation), Respondent.

[1] SALES—WRITTEN OFFER TO PURCHASE—DEPOSIT OF ACCEPTANCE IN MAIL — CONTRACT CONSUMMATED.—A written contract of purchase binding in all respects upon the parties thereto is consummated when a written offer to purchase on certain specified terms, forwarded through the mail, is received by the seller and he deposits his written acceptance of such offer in the mail.

[2] ID.—DELAY IN DELIVERING TELEGRAM — RECEIPT BEFORE WITHDRAWAL OF OFFER—DELAY NOT CAUSE OF DAMAGE.—Where the acceptance of such offer to purchase was communicated to the offerer by telegram as well as by letter forwarded through the mail and, notwithstanding both communications were delayed in reaching the offerer, the latter did not attempt to withdraw his offer to purchase until after their receipt, the seller was not damaged by the delay in the delivery of the telegram, though the offerer would have completed the purchase of the property had he received the telegram upon the day on which it was sent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fabian D. Brown, Elmer E. Robinson and Robinson & Brown for Appellant.

Beverly L. Hodghead and Francis R. Stark for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the defendant's favor in an action on the part of the plaintiff to recover damages arising by reason of a delayed telegram. The case was presented at the trial and on appeal upon an agreed statement of facts, which may be briefly summarized as follows: During the month of September, 1915, the plaintiff and one Bergthold were the owners of a business at Fort Bragg, Mendocino County, California,

known as "Fort Bragg Chronicle," and a certain other property connected therewith, and were negotiating a sale of said business and property to one M. J. Beaumont for the sum of two thousand six hundred dollars. These negotiations had progressed to the extent that said Beaumont had written a letter, dated September 24, 1915, addressed to the plaintiff, offering the sum of two thousand six hundred dollars for said property and business. This letter was written from San Francisco; California, and closed with this sentence: "Advise me by return mail your decision." This letter was received by the said plaintiff at Fort Bragg on September 25, 1915, in the regular course of the mail. On September 26, 1915, the plaintiff telephoned to the defendant at its Fort Bragg office the following message for transmission by it by telegraph:

"Fort Bragg, California, Sept. 26, 1915.
"M. J. Beaumont, care Baldwin Hotel, San Francisco, Cal.
."Your letter received. Proposition perfectly satisfactory. Letter to follow.
"(Signed)    L. F. GROVER."

The defendant accepted said message and the charges for its transmission, which the plaintiff paid thereon, and undertook to promptly transmit and deliver the same to said Beaumont. On September 26, 1915, after sending said message, the plaintiff wrote a letter to said Beaumont at the same address to which said message had been directed, in which he confirmed his said telegram and accepted the offer of Beaumont. This letter the plaintiff mailed on said twenty-sixth day of September, and in the regular course of the mail it should have reached San Francisco on the evening of September 27, 1915, and been delivered to said Beaumont at his address in said city on the morning of the 28th of September, 1915. It was not, however, received by said Beaumont at his said address until the 29th of September, 1915. In the meantime the telegram had not been delivered to nor received by said Beaumont, for the reason that upon its transmission from the defendant's Fort Bragg office to its San Francisco office and its receipt at the latter on said twenty-sixth day of September, 1915, at about 10:40 o'clock A. M. of said day, it was by a mistake of the said defendant's agents at the latter place delivered to

and at the Baldwin House at No. 77 Sixth Street, San Francisco, instead of to and at the Baldwin Hotel, 321 Grant Avenue, San Francisco, the proper place of its address and delivery, and in consequence of this error it was not received by said Beaumont at his proper address until September 29, 1915, three days later than it should have been delivered to him. Having prior to said September 29, 1915, received no response to his offer contained in his letter of September 24, 1915, Beaumont did not carry out his offer contained in said letter, although at the time of his receipt of the plaintiff's letter and telegram on September 29, 1915, he still had the means to do so, but on September 30, 1915, invested his money elsewhere. In consequence of the failure of Beaumont to consummate his said offer the plaintiff and said Bergthold were obliged to sell, and did sell, their property and business at Fort Bragg for the sum of $1,750, thereby incurring a loss of $850, for which they seek to hold the defendant responsible because of its delay in the delivery of said telegram.

The defendant in its answer, after denying the averments of the plaintiff's complaint which purported to fix upon it the liability for the plaintiff's alleged loss, proceeded to allege as a further and separate defense to said action that the telegram in question, when presented to the defendant for transmission, was accepted subject to the terms and conditions of a certain contract in writing which is printed upon its telegraphic blanks upon which all telegrams are transcribed, the terms of which printed agreement being such as are prescribed by the Railroad Commission of the state of California, which is invested by law with full power over the rates, charges, facilities, classification, and practices of telegraph companies engaged in transmitting messages between points within the state of California, and that by the terms of such printed agreement the defendant's liability for damages arising out of delays in the transmission or delivery of messages or of their nondelivery was limited to fifty dollars, at which the message to be transmitted was valued unless a greater value was stated thereon in writing; and that also by the terms of such printed agreement the plaintiff's claim for damages arising out of any negligence on the part of the telegraph company must be presented to it within sixty days after the telegram was

filed for transmission. A copy of the rules and regulations of said Railroad Commission, and also of the terms and conditions of the printed matter placed upon all telegraphic blanks by the defendant, is appended to the agreed statement of facts, and it is therein stipulated that the plaintiff's said message having been telephoned in to the defendant's Fort Bragg office, he did not sign such message upon any such blank and was not personally apprised of the terms of the printed agreements thereon, and it is also stipulated that he did not present his claim for damages within sixty days after the date of filing such message. The trial court based its findings of fact upon the stipulated facts presented at the trial, and made its further finding based thereon that the plaintiff was not damaged by reason of any negligence of the defendant in delaying the delivery of said telegram as alleged in the plaintiff's complaint. It further found that the plaintiff's said telegraphic message was accepted by the defendant for transmission subject to the conditions contained in the printed agreements upon its telegraphic blanks, as set forth in the defendant's answer. Its conclusion of law was, therefore, that the plaintiff take nothing by his action and that the defendant have judgment in its favor and for its costs. Judgment was so entered and from such judgment the plaintiff prosecutes this appeal.

The only contention which the appellant makes or can make is that the stipulated facts of the case as adopted in the findings of the trial court do not sustain its further finding and conclusion that the plaintiff has suffered no damages for which the defendant can be held liable by reason of the delay in the delivery of the telegram in question.

[1] We are of the opinion that this contention on the part of the appellant cannot be upheld. The undisputed facts of the case are, as found by the trial court, that Beaumont on September 24, 1915, by letter addressed to the plaintiff, offered to purchase the business and property in question for the sum of two thousand six hundred dollars, and that on September 26, 1915, the said plaintiff by letter regularly deposited in the United States mail accepted said offer. From this evidence it indisputably appears that a written contract binding in all respects upon said Beaumont was consummated between the said parties when the letter

of the plaintiff accepting the offer of Beaumont was deposited in the mail at Fort Bragg on September 26, 1915. (Civ. Code, secs. 1582, 1583; *Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 315, [65 L. R. A. 90, 74 Pac. 855].) [2] It is true that Beaumont did not receive the telegram that day presented by the plaintiff to the defendant for transmission to him until some three days later, and did not receive said letter of the plaintiff until September 29, 1915, but the admitted facts show no withdrawal of his offer and no changed conditions as to his ability to perform the same during that interval, but, on the contrary, do show that upon the said date of Beaumont's actual receipt of both said telegram and said letter he was still in the same financial condition as when he made his offer, and that it was not until the day following the receipt of both the telegram and the letter that he invested his money elsewhere. This being so, we cannot perceive how the plaintiff could have been damaged by the failure of the defendant to make a prompt delivery of his telegram. His injury, if any, was sustained through the breach on the part of Beaumont of his agreement to purchase the property, which agreement was consummated, as we have seen, by his written offer and its unqualified acceptance on the plaintiff's part through his letter duly deposited in the mail.

The appellant, however, contends that this aspect of the case is changed by the fact that it was stipulated that had Beaumont been present at the trial of the cause he would have testified that if he had received the plaintiff's telegram upon the day on which it was sent he would have completed the purchase of the plaintiff's property; but if we are correct in our above conclusion, Beaumont was already bound by the terms of his accepted offer upon the day the telegram and letter were sent, and hence, regardless of the delay in the delivery of the telegram, his statement as to what he would or would not have done had it reached him promptly becomes immaterial, since it only gives his reason, and that not a valid one, for the breach of his own consummated agreement, but gives the plaintiff no right of recovery against defendant because of such breach.

The appellant in this same connection makes the further contention that his letter to Beaumont cannot be held to have created a binding contract with the latter because of

the fact that the plaintiff was only the owner of a part interest in the property and business to be sold, the outstanding interest being owned by one Bergthold, who did not sign the letter, but the infirmity of this position is twofold, the first being that if the letter would not have bound Beaumont neither would the plaintiff's telegram have done so, and, hence, delay in its delivery did not cause plaintiff to lose his sale; and the second being that as far as the plaintiff is concerned, Beaumont's letter to him and his reply by letter constituted as to these two a binding contract, and if the plaintiff would have been unable later to fulfill his part of such contract for the reason that his co-owner's consent could not be obtained to the transfer, that would be the plaintiff's own default, which could by no process of reasoning be chargeable to the defendant. From any point of view, therefore, we conclude that the trial court was correct in its finding that the plaintiff had sustained no damage through any delay on the part of the defendant in the delivery of the telegram in question.

Having arrived at this conclusion with reference to the main feature of this case, we do not deem it necessary to consider or decide the points presented by the respondent's defenses based upon the printed matter on its messages by which it claims the plaintiff was bound. These present questions difficult of decision, and which we do not regard as essential to the determination of the instant case in the light of our conclusion that upon the stipulated facts the plaintiff had no cause of action.

Judgment affirmed.

Knight, J., *pro tem.*, and Waste, P. J., concurred.