[Civ. No. 2193. Third Appellate District.—December 7, 1920.]

LAKESIDE DITCH COMPANY (a Corporation), et al., Respondents, v. PACKWOOD CANAL COMPANY (a Corporation), Appellant.

[1] PLACE OF TRIAL—ACTION AGAINST CORPORATION—ENFORCEMENT OF CONTRACT.—An action against a corporation for the enforcement of a contract for the payment of money may, under section 16 of article XII of the constitution, be commenced in the county where the contract was made or where it was to be performed, or where the obligation arose.

[2] ID.—PERSONAL ACTION AGAINST CORPORATION—RIGHT OF TRANSFER TO COUNTY OF RESIDENCE.—A corporation against which a personal or transitory action is brought has no absolute right to have the action either commenced or removed to the county in which it has its principal place of business, which is the county of its residence, merely upon that ground or for that reason, but can only secure a removal "as in other cases" or upon some ground, legally recognized, other than the fact that its residence is in a county other than the county in which the action has been commenced.

[3] ID.—TITLE OF ACTION—PROPER COUNTY — PRESUMPTION. — In the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the action shows that it is brought is, *prima facie*, the proper county for the commence-

ment and trial of the action, where the court in which the action is brought has jurisdiction of the subject matter thereof.

[4] ID.—COUNTY WHERE CONTRACT MADE—UNCONTROVERTED PLEADING. In an action on behalf of an association against a corporation which was a member thereof to recover under a written contract the defendant's *pro rata* proportion of certain expenses incurred by the association, where the contract is set out in full in the complaint, immediately followed by averments of the facts constituting the gist of the action against the defendant, after which it is alleged that "said association is located" in the county in which the action is brought "and does its business therein; and said transactions took place therein, and said cause of action arose therein," and these averments are not denied or controverted in the affidavit of merits filed by the defendant on his motion for a change of place of trial, or at all, it sufficiently appears that the contract was made in said county.

[5] ID.—WHERE TRANSACTIONS TOOK PLACE—PLEADING — STATEMENT OF FACT.—In such action, the allegation in the complaint that "said transactions took place therein"—that is, in the county in which the action was commenced—does not involve the statement of a legal conclusion, but contains the statement of a fact.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. W. Pendleton for Appellant.

Larkins & Bailey and Farnsworth, McClure & Burke for Respondents.

HART, J.—This is an appeal from an order of the superior court of Tulare County denying appellant's motion for a change of the place of trial from the county of Tulare, California, to the city and county of San Francisco, California.

On July 26, 1919, plaintiffs commenced an action in the superior court of the county of Tulare, in which they demanded judgment against the defendant in the sum of $9,054.23, together with attorney's fees and costs. The action is based upon a certain contract between the plaintiff and the defendant and certain other corporations. Within the time allowed by law appellant filed a demurrer to said complaint and at the same time filed a notice of motion

and a demand for a change of the place of trial of said action from the county of Tulare, to the city and county of San Francisco. Said motion and demand were supported by an affidavit made by the defendant's president, who therein deposed that the principal place of business of the defendant was, at the time of the commencement of the action, and at all times thereafter, in the city and county of San Francisco, and that deponent having fully stated the facts of the case to the defendant's attorney, was advised by the latter that defendant has "a good and substantial defense upon the merits of said action," etc. It will be observed that the sole ground upon which the demand for a change of the place of trial of the action was based is that of the residence of the defendant.

The contract is set out in the complaint *in haec verba.* It appears that the plaintiffs, the defendant, and a number of other corporations owning in severalty certain canals and ditches have been for a long period of time, and were at the time of the commencement of this action, "appropriating, diverting, and using water from that certain natural water-course known as the St. Johns River, and the branches, continuations, and extensions thereof." All the corporations referred to, including the plaintiffs and the defendant, for the purpose of protecting their respective rights to the water flowing in said river from wrongful interference by other parties and effecting a proper division of said waters between them, entered into said contract. The preamble of said contract declares that "it will be necessary to clean out and improve the channels of each of said streams [the St. Johns River and the Kaweah River, from which the former is supplied], and for such purpose to expend large sums of money," and, furthermore, that "it may become necessary to institute or defend actions at law in the courts for the protection and preservation of the rights of the parties hereto or some of them in and to the waters of said streams." It is then provided in the contract that the parties thereto shall constitute an association composed of one representative and an alternate selected from the stockholders of each of the corporations making and subscribing to the contract to act for and in behalf of said corporations, and that "the representatives so selected shall have the power to fully carry out all the provisions of this

agreement," each such representative being vested with full power to bind his principal or principals "in all matters pertaining to this agreement."

The contract, after outlining the method for effecting the permanent organization of the association (designating the officers thereof and the method of their selection), and setting forth in detail the quantity of waters each of the said corporations shall be entitled to use, which is regulated, of course, according to their respective rights as to quantity and priority of appropriation, provides that said association may for and on behalf of the parties to the said contract incur any expense necessary to keep the waters rightfully entitled to flow in the St. John's River flowing therein down to the head of the several ditches of the parties to the agreement and to cause said waters to be delivered to the respective ditches of said parties, "and to take all steps and incur all necessary expense to enforce and protect the rights of said parties to the waters of said river and to the use thereof, and to commence or defend any action or actions at law for said purpose in their own, joint or several names, or as said association may deem best, which expense the parties hereto agree to pay; provided, that no expense shall be incurred for any action which may arise between any of the parties to this agreement." The twelfth article of the agreement provides as follows: "And it is further agreed, that each of the parties to this agreement, and each of those who may hereafter unite with them, shall pay and bear such a proportion of the expenses incurred by this association as the number of feet of water to which each is entitled to have turned to him or it, according to the terms of this agreement, bears to the whole number of feet of water to which all are entitled."

The sixteenth article provides: "Said association shall hold such special meetings, and at such place or places, as it may determine in its by-laws, but a regular meeting of such association shall be held once each year in the city of Visalia, county of Tulare, and state of California."

It is alleged in the complaint that the defendant, through and by one George H. Castle, acting under a duly executed power of attorney from defendant, entered into and became a party to the above-mentioned contract; that, after the said association was formed, it found the channel of the St.

John's River in such a condition from obstructions, etc., that it was with difficulty that the waters of said river could be carried to the intakes of the ditches and canals of the parties to the said contract, and that a large amount of work, including the construction of a cement dam, had to be done and was actually done to get the waters rightfully flowing in said river to the heads of the ditches of the said parties, including that of the defendant's canal; that the association, to protect its rights, has been compelled to and has, at different times since the formation of said association, brought and defended suits at law in the names of the members of said association, and was compelled to and did expend large sums of money for such purposes; that a suit by the association, in the names of the members thereof, including defendant as one of the plaintiffs therein, was initiated in June, 1916, in the superior court of Tulare County, against the Lindsey-Strathmore Irrigation District to enjoin the latter from further pumping waters rightfully entitled to flow in the St. John's River, which pumping of water by said district wrongfully interfered with the legal right of the members of said association in the waters of said stream; that the defendant knew of the work done above mentioned by the association to facilitate the flow in said river of the waters rightfully belonging to said stream when said work was done and knew of the suits at law prosecuted and defended by said association for and on behalf of the members thereof when said suits were commenced and were pending and tried, and that defendant acquiesced in and accepted the benefits of the work done and acquiesced in the course of the association in prosecuting and defending the several suits referred to. It is alleged that the aggregate *pro rata* share, under the terms of said contract, of the defendant for the expenses so incurred by said association is the sum of $9,054.23, for which, as above stated, judgment is prayed. It is further alleged "that said association is located in said county of Tulare and does its business therein, and *said transactions* took place therein, and said cause of action arose therein." It is also alleged that within six months prior to the commencement of this action the said association notified the defendant of its share of the expenses incurred as above explained, demanded payment by defendant of said aggre-

gate sum but that defendant has refused, and still refuses, to pay said amount or any part thereof.

The plaintiffs contend that the place of trial of the action is fixed by section 16 of article XII of the constitution, which reads: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

The position of the defendant is twofold, viz.: 1. That the defendant is, by virtue of section 395 of the Code of Civil Procedure, entitled to have the case tried in the city and county of San Francisco, which is its principal place of business and, therefore, where it "resides," within the meaning of said section; 2. That, conceding that the action may be commenced and tried in any of the counties referred to in section 16 of article XII of the constitution, other than the county in which the defendant resides, the plaintiffs have not shown by their complaint that the contract upon which recovery is sought was either made or to be performed or that the obligation or liability arising thereon arose or the breach of said contract occurred in Tulare county. Section 395 of the Code of Civil Procedure provides that in all cases other than those specified in the three "preceding sections" the action must be tried in the county in which the defendants, or some of them, reside, at the commencement of the action, or if it be an action for injury to person, or property, etc. (referring to particular kinds of torts), the action must be tried in the county where the injury occurs or in which the defendants or some of them reside at the commencement of the action. Said section, it is hardly necessary to say, includes all personal actions, save certain other personal actions in some way involving or affecting real property and which may, in the absence of a better designation, be termed *quasi*-personal. (*Grocers' etc. Union* v. *Kern County Land Co.*, 150 Cal. 466, [89 Pac. 120].)

The section of the constitution above quoted herein declares, it will be observed, that a corporation may be sued in any one of several counties, subject to the power of the court to change the place of trial *as in other cases*—

that is, as in the cases mentioned in section 397 of the Code of Civil Procedure—to wit: 1. The county where the contract is made; 2. In the county where the contract is to be performed; 3. In the county where the obligation arises or the breach of the contract occurs; 4. In the principal place of business of the corporation.

The present action obviously does not involve or affect in any sense or measure the title to land. It in no way bears any relation to the title to or an interest in land. [1] It is one which, while not strictly so, is in its practical effect for the enforcement of a contract for the payment of money. Hence, it is purely and simply a personal or transitory action, and, being such an action, it clearly comes within the class of actions referred to by section 16 of article XII of the constitution, and is, therefore, as to the matter of venue, governed by said section of the organic law. In other words, the plaintiffs had the right to commence the action in the county where the contract was made or where it was to be performed, or where the obligation arose. (*Lewis* v. *South Pac. C. R. R. Co.*, 66 Cal. 209, [5 Pac. 79] ; *National Bank* v. *Superior Court, etc.*, 83 Cal. 491, [24 Pac. 157] ; *Trezevant* v. *Strong Co.*, 102 Cal. 47, [36 Pac. 395] ; *Whitney & Co.* v. *Sellers' Com. Co.*, 130 Cal. 188, [62 Pac. 472] ; *Miller & Lux* v. *Kern Co. Land Co.*, 134 Cal. 586, [66 Pac. 856] ; *Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 314, [65 L. R. A. 90, 74 Pac. 855] ; *Grocers' etc. Union* v. *Kern County Land Co.*, 150 Cal. 466, [89 Pac. 120] ; *Cook* v. *Ray Mfg. Co.*, 159 Cal. 694, [115 Pac. 318].) And, having the right, under the constitutional provision in question, to commence the action against the corporation in the county where the contract sued on was made or performed or the liability of the defendant arose, they have the right to have the action tried or prosecuted to a finality in that county, unless the place of trial is changed for some other sufficient reason than that of the residence of the corporation defendant. (*Jager* v. *California Bridge Co.*, 104 Cal. 542, [38 Pac. 413], and the cases above cited.)

Prior to the case of *Grocers' etc. Union* v. *Kern etc. Co.*, 150 Cal. 466, [89 Pac. 120], the cases, of which there are many, in effect uniformly held that section 16 of article XII of the constitution applied to any and all actions against corporations. The case of *Miller & Lux* v. *Kern*

*County Land Co.,* 134 Cal. 586, [66 Pac. 856], which involved an action for damages for alleged injury to real property, expressly held that the provisions of the constitution as to the place of trial applied in that case. Both the plaintiff and the defendant were corporations, and the principal place of business of both was in the city and county of San Francisco. The action was brought in the superior court in and for the city and county of San Francisco, and the defendant's motion to have the place of trial changed to Kern County, wherein the land alleged to have been injured was situated, was denied. The claim was that, under section 392 of the Code of Civil Procedure, which provides that actions for injuries to real property must be tried in the county where the subject of the action, or some part thereof, is situated, the venue of the action was in Kern County. The supreme court affirmed the order and held, substantially, that but for section 16 of article XII, the place of trial of the action would be Kern County, where the land charged to have been injured was situated, but further held that the section of the constitution "is in the nature of a code provision in regard to procedure, and is obviously self-executing and differs from a statutory provision only in that it cannot be repealed, nor can its scope and operation be limited by a statute. So far as it conflicts with the statute," continued the court, "the statute must give way." But, in the Grocers' Union case, *supra,* the question whether section 16 of article XII of the constitution, in so far as it might purport to apply to actions affecting the title to or an interest in real property, was in contravention of the inhibition of the fourteenth amendment to the constitution of the United States, in that it denied to corporations a right, accorded to natural persons, to have an action affecting the title to or an interest in real property tried in the county where such property is situated, was raised for the first time, and it was held in that case, after an exhaustive review of the question, that, since the provisions of a statute in regard to the venue of an action "involve rights in respect to which the fourteenth amendment of the constitution of the United States forbids arbitrary discrimination," section 16 of article XII of our own constitution was, to the extent that it purported to apply to actions affecting the title to or interest in land, unjustly discrim-

inatory and violative of the inhibition of said fourteenth amendment. That case, however, does not hold that section 16, article XII, does not apply to and govern in the matter of venue in transitory actions against corporations. To the contrary, the opinion, if not expressly, by clear inference, recognizes the validity of that section of the state constitution in so far as it applies to purely personal actions against corporations; and in the later case of *Cook* v. *Ray Mfg. Co.,* 159 Cal. 694, [115 Pac. 318], the court, in an opinion by the late Chief Justice Beatty, holds that corporations are, as to venue in transitory actions, subject to the provisions of section 16 of article XII, and that, so far as such actions are concerned, that provision of the constitution is paramount to the code sections respecting the place of trial thereof. And, in that case, one of the points directly raised involved a consideration of the question whether "section 16 of article XII of the constitution of California, as heretofore construed, is, in its application to transitory actions, such as this, violative of a right secured to our domestic corporations by the fourteenth amendment to the federal constitution." The chief justice reviewed the Grocers' Union case, which was cited by the appellant in the Cook case, as in support of an affirmative answer to the question. The learned writer of the opinion, as seen, answered the question negatively, and pointed out in characteristically clear and forceful language the distinction and the reasons supporting the distinction between the Grocers' Union case and the case then considered by him and decided by the court. After giving the reasons which obviously prompted the incorporation of section 16 into the constitution, he said, in holding that said provision applied to an action such as the one he was considering in that case:

"Here it appears that there were at the time our constitution was adopted weighty considerations justifying the discrimination as to actions arising out of breach of contract. The same conditions which prevailed at that time still continue, though modified to some extent by the fact that other places outside of San Francisco are now the principal places of business of many large corporations formed since the adoption of the constitution, which, however, may be held to have accepted as one of the condi-

tions of their corporate existence the particular provision of our constitution here in question. If the views above stated are correct, this case is governed by the principle affirmed in *Cincinnati St. Ry. Co.* v. *Snell*, 193 U. S. 30, [48 L. Ed. 604, 24 Sup. Ct. Rep. 319, see, also, Rose's U. S. Notes]—the principle, that is to say, that the fourteenth amendment safeguards only fundamental rights and not the mere form which the state may deem proper for their enforcement. That was a case involving a discrimination made by a statute of the state of Ohio between corporations and natural persons as to the venue of personal actions, and the statute was upheld by the supreme court of the United States without any dissenting opinion.''

[2] It is thus to be seen that the rule in California with respect to the place of trial of transitory actions against corporations is as it is declared in section 16 of article XII of our state constitution. The result is that a corporation against which such an action is brought has no absolute right to have the action either commenced or removed to the county in which it has its principal place of business, which is the county of its residence, merely upon that ground or for that reason, but can only secure a removal ''as in other cases'' or upon some ground, legally recognized, other than the fact that its residence is in a county other than the county in which the action has been commenced. (See, also, in addition to the cases above named, *Eddy* v. *Houghton et al.*, 6 Cal. App. 85, 87, [91 Pac. 397].)

It now remains to be seen whether it is sufficiently made to appear that the venue of the present action is in Tulare County. And first we remark as to this proposition that the record furnishes no direct predicate for the conclusion that the venue is not in that county. In other words, there is nothing affirmatively appearing in the complaint that indicates that Tulare County is not the legally proper place for the commencement and trial of the action, unless it be true, as the counsel for the appellant contends, that the fact that the complaint fails directly to aver or show that the contract sued on was either made or was to be performed in said county must be regarded as a sufficient ground or reason for inferring and so holding that the venue is not in the county named. But as

to this latter proposition, it is to be said that, in the very logic of the situation, it is groundless. [3] The presumption is, in the absence of an affirmative showing in that particular, that the county in which the title of the action shows that it is brought is, *prima facie*, the proper county where the court in which the action is brought has jurisdiction of the subject matter thereof. (*Chase* v. *South Pac. C. R. Co.*, 83 Cal. 468, 472, [23 Pac 532].) If, therefore, the only showing of venue in this case was in the title of the action, there would be at least a *prima facie* showing of venue in Tulare County which would be sufficient to cast the burden upon the defendant to show that the contract was not made nor to be performed or that the breach thereof by it or its liability by reason of the breach thereof did not occur or arise in said county. This necessarily follows from the proposition, before stated, that a corporation defendant is not entitled as of right, as in cases of transitory actions in which the defendants are natural persons, to have an action against it removed from the county in which it is commenced to the county of its residence, where the action is brought in a county other than that in which its principal place of business is. The defendant here did not undertake to discharge the burden thus resting upon it. It relied merely upon the mere fact that its residence was in the city and county of San Francisco.

[4] But we think the complaint itself sufficiently discloses that the contract was made in the county of Tulare. As seen, the contract is set out in full in the complaint, and immediately following are the averments of the facts constituting the gist of the action against the defendant, after which it is alleged, as above shown, that "said association *is located in Tulare County and does its business therein; and said transactions took place therein,* and said cause of action arose therein." These averments are not denied or controverted in the affidavit of merits filed by defendant or at all. They would undoubtedly be held, under a challenge by a demurrer, to involve an insufficient statement of the facts sought thereby to be stated, for they do not involve a direct statement that the business of the association was at all times done or carried on in Tulare County. In this connection, though, we may re-

mark that the complaint, on a motion for a change of venue, cannot be challenged either for insufficiency of facts or insufficiency of the statement of the facts by an affidavit of merits or any affidavit filed in such a proceeding. That pleading can be considered only in so far as it may throw or tend to throw any light upon the question whether the action should or should not be removed, and so considering the averments just mentioned, we think that, taken altogether, they involve a statement of facts and circumstances sufficient, upon a motion to change the place of trial, to warrant the inference that all the business of the association was, from its organization to the time of the commencement of this action, transacted in Tulare County. From the allegation that the association is "located in Tulare County," it is fairly inferable that its place of business is in that county, and it is naturally to be implied that where a corporation's or an association's place of business is located is where all the business to carry on which it was organized or formed is transacted. Moreover, the contract as set out in the complaint binds the parties thereto to pay their respective proportions of the expenses necessarily to be incurred in carrying out the objects and purposes of the association, and it is to be presumed that these payments were to be made at the principal place of business of the association in the absence of a showing that it was agreed that they should be made at some other place. (Civ. Code, secs. 1488, 1489.) In *Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 314, [65 L. R. A. 90, 74 Pac. 855], there was no express stipulation or agreement as to where the contract declared upon was to be performed, and the question as to the proper place for the trial of the action was therein submitted for determination. It is not necessary to restate the facts of that case here, it being sufficient to say that the question of venue therein was required to be determined, as thus far we are determining the question here, upon such circumstances as arise from the contract itself, and those under which it was made, considering also the respective residences of the parties. The court said, quoting from the syllabi: "In a suit upon the contract of a corporation where no place of performance is expressly stipulated, it ought to be held performable in the place where the circumstances, viewed by the light of

pertinent code provisions, indicate that the parties expected or intended it to be performed." As we have tried to show, the circumstances in this case, considered in the light of the provisions of the Civil Code last above referred to, clearly indicate, we think, that it was the intention of the parties that the contract involved herein was to be performed in Tulare County.

[5] But a complete reply to the proposition, it seems to us, is in the allegation that "said transactions took place therein"—that is, in Tulare County. The counsel for appellant, however, declares that that allegation involves a legal conclusion, but adds that, if it were necessary to concede that it involves the statement of a fact, it can be of no advantage to the plaintiff, since, as he contends, it refers to "the transactions" conducted by the St. Johns River Association and does not include the transactions of the appellant.

Conceding that the objection that the averment involves the statement of a legal conclusion is important or material in the consideration of this appeal, we are not reluctant to say that the allegation does not involve the statement of a legal conclusion, but contains the statement of a fact. It is, indeed, much less a legal conclusion, in our opinion, than would be the averment that the contract was made and to be performed in Tulare County, which allegation, although, in a sense, a conclusion of law, would be permissible as involving the statement of an ultimate fact to be proved to warrant an adjudication that the contract was so made and to be performed. What is said in *Ellis* v. *Central California Traction Co.*, 37 Cal. App. 390, 395, [174 Pac. 407], is in point upon this proposition.

The objection secondly urged against the said averment to wit, that "the 'transactions' referred to are those conducted by the St. Johns River Association and does not include the transactions of the appellant," involves, practically, an admission that the complaint sufficiently alleges that all that was done by said association in furtherance of its ends or purposes, as indicated by the contract evidencing its formation, was in Tulare County, and this would include the work it performed or caused to be performed to facilitate the flow of waters in the said river to the extent to which they were entitled to flow in said

stream and also the defense and prosecution of suits at law to defend and protect the respective rights of the members of the association, including the defendant, in the waters of said river. Obviously, the admission that said averment constitutes such a statement is tantamount to an admission that the complaint contains the allegation that the contract was made and to be performed and any obligation or liability arising by reason of its breach by the defendant arose in Tulare County. Nothing further can be said as to the scope and effect of said allegation than what is necessarily involved in the said admission of counsel, but if there might arise in the mind of anyone any doubt as to the correctness of our construction of the admission of counsel to the effect that the allegation in question refers to *all* the transactions of the association, including the making of the contract and the carrying out of its terms by the association, we feel no hesitation in saying that the allegation in question should and is to be construed to refer to all the transactions mentioned in the complaint. The allegation is general and we can conceive of no sound or just reason for holding that it refers to, or was intended to refer to, particular transactions only as distinguished from all the transactions concerning which the complaint speaks.

Our conclusion is, as must be apparent from the foregoing discussion, that the order of the court below denying the defendant's motion is, upon the record as it appears here, entirely justified.

The order is affirmed.

Prewett, P. J., *pro tem.*, and Burnett, J., concurred.