[L. A. No. 1278.  Department Two.—July 23, 1904.]

## KATHERINE TINGLEY, Respondent, v. TIMES-MIRROR COMPANY, Appellant.

LIBEL—CORPORATION—VENUE—CIRCULATION OF NEWSPAPER.—An action for libel may be maintained in the county where the plaintiff resides against a defendant corporation publishing a newspaper in another county which is its principal place of business, where the paper in which the libel was published was circulated in the former county.

APPEAL from an order of the Superior Court of San Diego County refusing to change the place of trial.  E. S. Torrance, Judge.

The facts are stated in the opinion.

W. F. Fitzgerald, and Hunsaker & Britt, for Appellant.

J. W. McKinley, for Respondent.

CHIPMAN, C.—Action for libel.  Defendant is a corporation organized under the laws of this state, with its residence and principal place of business in the city of Los Angeles.  The action was brought in the superior court of San Diego County, the residence of plaintiff, and it is alleged in the complaint that the defendant "printed, published, and circulated in the county of San Diego numerous copies of the paper containing said article, and circulated many thousand copies of the paper containing said article in other portions of the state of California."

Defendant moved to change the place of trial to Los Angeles County.  The motion was denied, and defendant appeals.

Section 16 of article XII of the constitution of this state provides that "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

This provision applies to torts as well as to matters of

contract. (*Lewis* v. *Southern Pacific Co.*, 66 Cal. 209; *Miller & Lux* v. *Kern County Land Co.*, 134 Cal. 586.) But the defendant contends ''that the words 'or where the obligation or liability arises or the breach occurs,' refer to some particular place, as, for instance, the case of a railroad corporation wrongfully ejecting a passenger from one of its trains, or the case of a lineman receiving injuries from a defective insulation of the line of a company incorporated for the purpose of transmitting electric power, or the case of a person whose lands are damaged by the bursting of the pipe-line of a company incorporated for the purpose of supplying water to a community. In these and similar cases, the person having a right of action could bring his suit either in the county where the damage was sustained, or in the county in which the defendant corporation had its principal place of business.'' It is contended that the case here is one where the wrong complained of consisted in printing, publishing, and distributing the alleged libelous article, which it is claimed was done in Los Angeles. We cannot agree with appellant that the case here is in no sense parallel with cases given as illustration of its construction of the constitution. A corporation formed to publish a newspaper whose circulation is by the publisher extended into counties and places other than that of the principal place of business of the corporation, is in a position to commit an injury by a libelous publication precisely as is the electrical or water corporation or railroad company that extends its lines of operation beyond the boundaries of its residence or principal place of business is in position to commit an injury in effecting its objects. The newspaper corporation avails itself of the United States mails, the express companies, the railroad companies, and other established lines of communication and dissemination, to send broadcast its publications. These means of communication with the general public by the newspaper are in practical effect the same as the means used by railroad companies, water and electrical companies to reach their patrons.

The liability arises where the injury occurs, and the injury in the case of libel is peculiarly at the county in which the plaintiff resides if, as is alleged, the plaintiff has published and circulated the libelous article there, and there it is that plaintiff is most injured by the publication.

In the case of *Brady* v. *Times-Mirror Company*, 106 Cal. 56, the court, in speaking of the construction to be placed upon section 16 of article XII of the constitution, said: " . . . under the provisions of this section if the action had been brought against the Times-Mirror Company alone, the plaintiff's right to have the action tried in San Diego would be undoubted. . . . " It is claimed that this expression in the opinion is *obiter.* In that case the plaintiff had joined certain individuals as defendants and strictly what was said was perhaps not necessary to the decision. Of its correctness, however, we have no doubt. In our opinion, libel may be maintained in the county in which the plaintiff resides, when the newspaper is circulated in that county, though published in another county, which latter is the principal place where defendant's business is located. (*Brady* v. *Times-Mirror Co.,* 106 Cal. 56.)

It is advised that the order be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Lorigan, J., Henshaw, J., McFarland, J.