[Civ. No. 3495.  Second Appellate District, Division One.—February 17, 1921.]

## W. J. BUSH & COMPANY (a Corporation), Respondent, v. VAN CAMP SEA FOOD COMPANY (a Corporation), Appellant.

[1] PLACE OF TRIAL—ACTION AGAINST CORPORATION—BREACH OF CONTRACT.—A corporation in an action for damages for breach of contract is not entitled to have the place of trial changed to the county in which its principal place of business is situated, where the action is brought in the county where the contract is to be performed and no reason other than its residence exists for the change.

APPEAL from an order of the Superior Court of San Diego County denying a motion for change of place of trial. E. A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

Patterson Sprigg and Kemp & Clewett for Appellant.

Wright & McKee for Respondent.

JAMES, J.—Plaintiff brought this action in the superior court of the county of San Diego against the defendant corporation to recover damages for breach of contract alleged to have been suffered by reason of the refusal of the defendant to accept and pay for certain merchandise. It was alleged that defendant was a corporation organized under the laws of California; that in August, 1918, it entered into a written contract to purchase the merchandise in question from the plaintiff; that it had refused to accept

and pay for the merchandise, except a small portion thereof, and that the merchandise had not been resold. The difference between the value thereof to the plaintiff and the price agreed to be paid was stated to be the sum of $2,856. The written contract referred to was attached to the complaint as an exhibit and made a part thereof. The contract was dated at New York and provided that delivery of the merchandise should be f. o. b. National City. Defendant filed a demurrer, together with a demand for change of place of trial to Los Angeles County, it being asserted that that county was the legal residence and principal place of business of the defendant. An affidavit accompanying the demand was made by the president of the defendant corporation, in which affidavit it was reasserted that the principal place of business of defendant corporation was in the county of Los Angeles, and that it had no other or different place of business, nor any place of business in the county of San Diego. In opposition to the demand for a change of place of trial, an affidavit was submitted on behalf of the plaintiff, wherein it was set forth that plaintiff was a corporation organized under the laws of the state of New York; that it had and maintained an office and branch factory in the city of National City, county of San Diego, state of California, and that the factory at the latter place manufactured the merchandise contracted for by the defendant, and that the merchandise was actually manufactured at National City by the plaintiff; that the contract alleged was to be performed at National City according to its terms. The motion was presented to the court and denied, and the defendant has appealed from the order.

[1] The order made by the trial judge is fully sustained by the decisions of this state, wherein the provisions of the state constitution relating to the place of trial of actions where corporations are involved are construed. Section 16 of article XII of the constitution provides as follows: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs, or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." In the case of *Trezevant* v. *Strong Co.*, 102 Cal. 47, [36 Pac.

395], where the contention was made that the corporation had the right to insist upon trial of an action against it in the county of its residence, the court said: "The constitution, however, can receive no such construction. That instrument . . . gives to a plaintiff the right to sue a corporation in either of the counties therein referred to, and the option thus given includes something more than simply the bare right to choose the county where the complaint shall be filed in the first instance, and confers upon a plaintiff the right also to prosecute such action in the county where it is commenced, unless the place of trial is changed *for some other reason than that of the residence of defendant.*" And quoting from *National Bank* v. *Superior Court,* 83 Cal. 498, [24 Pac. 159], the court further says: "By this decision it is settled that where a corporation is sued in any one of the counties mentioned in this section, it cannot demand a change of venue, as matter of absolute right, but only as in other cases and for other reasons than that the county in which the action is commenced is not the proper county." Pertinent to the conclusion just announced are the cases also of *Tingley* v. *Times-Mirror Co.,* 144 Cal. 205, [77 Pac. 918]; *Hammond* v. *Ocean Shore Development Co.,* 22 Cal. App. 167, [133 Pac. 978].

The order appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.