**STATE ex rel. OKLAHOMA PRESS PUB. CO. v. DISTRICT COURT OF CHEROKEE COUNTY et al.**

No. 17537.   Opinion Filed Feb. 14, 1928.

(Syllabus.)

1. Corporations—Domestic Corporation Properly Sued for Libel in County Where Paper Published or Circulated.

Under and by virtue of section 202, C. O. S. 1921, which provides that actions against domestic corporations may be brought in the county where the cause of action or some part thereof arose, an action for libel against a domestic corporation publishing a newspaper may be brought and tried in any county in which the libel was published or circulated.

2. Prohibition—Writ to Restrain One Court in Proceeding of Which Another Court Has Jurisdiction.

Prohibition will issue to restrain an inferior court from proceeding in an action or proceeding of which another inferior court has exclusive jurisdiction: but the writ will not lie where the inferior courts are of concurrent jurisdiction. and where it is clear that the proceedings in one

court will in no wise interfere with those in the other.

Commissioners' Opinion, Division No. 2.

Application by Oklahoma Press Publishing Company against the District Court of Cherokee County, Honorable J. T. Parks, Judge, and W. M. Gulager, for writ of prohibition.  Writ denied.

J. C. Stone, C. A. Moon, and Francis Stewart, for petitioner.

Anselan Buchanan, for respondents.

HERR, C. This is an original proceeding brought in this court by the Oklahoma Press Publishing Company, a domestic corporation, against the district court of Cherokee county, J. T. Parks, judge, and W. M. Gulager, for a writ of prohibition prohibiting respondents from further proceeding in a libel suit filed in said court.

Petitioner is the publisher of a newspaper published in the city of Muskogee, Muskogee county, and all its principal officers reside in said county.  Respondent, Gulager, is also a resident of Muskogee county.

A libel suit was filed by respondent Gulager against the petitioner in the district court of Cherokee county and summons issued from such court and was served on petitioner in Muskogee county.  No resident defendant was joined as a party to said suit.

It is agreed that the alleged libelous article was circulated in Cherokee county.

It is contended by petitioner that the district court of Cherokee county, in these circumstances, is without jurisdiction to entertain this action.  This court has, however, held otherwise in the case of Oklahoma Pub. Co. v. Kendall, 96 Okla. 194, 221 Pac. 762, wherein it is held:

"Under and by virtue of section 202, Comp. Stat. 1921, a domestic corporation publishing a newspaper may be sued for libel in the county where the paper containing the libel is circulated, that being the residence of plaintiff, though the principal place of business of the corporation was in another county."

It is contended by petitioner that this case is not controlling for the reason that the plaintiff therein was a resident of the county in which suit was brought, whereas in the instant case, neither the plaintiff nor any of the officers of the defendant corporation are residents of such county. The rule in the case above cited

was not based on the theory that the suit was a libel suit or that the forum chosen by the plaintiff happened to be the forum of his residence, but was based on section 202, C. O. S. 1921, which provides that actions against domestic corporations may be brought in the county where the cause of action or **some part thereof** arose.

It is not important as to what the rule may be in other states, as this must be determined by the statute of each particular state. In this state actions against domestic corporations may be brought in any county in which the cause of action or **some part thereof,** arose.

The article complained of was circulated in Cherokee county, and, therefore, it appears clear to us that at least some part of plaintiff's cause of action arose in Cherokee county. The district court of Cherokee county has jurisdiction.

Prior to the filing of suit in Cherokee county a suit was filed by the plaintiff against the defendant on the same cause of action in Muskogee county, and it is further contended by petitioner that for this reason the district court of Cherokee county is without jurisdiction to entertain the action and it is, on this theory, entitled to the writ. We cannot agree with this contention.

In 32 Cyc. 607, it is said:

"Prohibition will issue to restrain an inferior court from proceeding in an action or proceeding of which another inferior court has exclusive jurisdiction; but the writ will not lie where the inferior courts are of concurrent jurisdiction, or where it is clear that the proceedings in one court will in no wise interfere with those of the other."

In the case of State ex rel. Johnson v. Withrow, Judge, 18 S. W. 41, under circumstances very similar to the circumstances in this case, the Supreme Court of Missouri denied the writ. In the body of the opinion, at page 43, the court said:

"* * * If, then, the circuit court of the city of St. Louis wrongfully assumed jurisdiction of this case, it was not because it had no power to determine this class of cases, but because some other court, having concurrent jurisdiction with it, had already taken cognizance of the particular cause. The circuit court, having jurisdiction of this class of cases and over the persons of the defendants, how was it to know that by reason of the action of the parties in another court it had become improper for it to further have and

keep jurisdiction of the case? The answer is apparent at once. It must be done by a demurrer or answer, under our practice. If the want of jurisdiction appeared on the face of the petition, the defendants should have demurred. Section 2043, Rev. St. 1889. If it did not appear on the face of the petition, then they were required to make their objection by answer. Sec. 2047. * * *

"The object of this proceeding is to correct what the relators deem was an error in the circuit court in not sustaining their plea to its jurisdiction. * * * Then this plea is one that the court must hear and determine before it can decide whether it should take cognizance of the case; and it is this very right to hear, determine and decide, whether rightfully or wrongfully, that we denominate 'jurisdiction.' Now, when we say 'two courts of concurrent jurisdiction' we must concede that both courts have jurisdiction of the same matter. For the purpose of this case it is sufficient to determine that the circuit court of St. Louis had jurisdiction of the action against relators. If it did, then prohibition will not lie, and the fact that it may erroneously decide some of the questions before it will not alter the case."

The cases cited by petitioner are not in point. In these cases, the suits had for their object the obtaining possession of and control over property. This court held that a writ of prohibition would lie to prevent a court of concurrent jurisdiction from interfering with the court first having acquired jurisdiction, in the control and possession of the property.

This principle is not involved in the instant case. We think the rule announced in the Missouri case, supra, applies.

For the reasons herein stated, we recommend that the writ be denied.

BENNETT, TEEHEE, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 14a C. J. p. 795, §2885; 37 C. J. p. 19, §320. (2) 32 Cyc. p. 608; anno. 1 L. R. A. (N. S.) 843; 22 R. C. L. p. 4; 3 R. C. L. Supp. p. 1228; 6 R. C. L. Supp. p. 1309.