[Civ. No. 3999. Third Appellate District.—April 15, 1930.]

L. M. BUCK, Appellant, v. JAMES McCLATCHY PUBLISHING COMPANY, INC. (a Corporation), Respondent.

J. S. Daly for Appellant.

McLaughlin & McLaughlin for Respondent.

PLUMMER, J.—This cause is before us upon an appeal by the plaintiff from an order of the Superior Court granting the respondent's motion for a change of place of trial from the county of Placer to the county of Sacramento.

The complaint sets forth the residence of the plaintiff in the county of Placer and that the plaintiff was, during all the times mentioned in the complaint, a resident of said county; that the defendant is a corporation organized and existing under and by virtue of the laws of the state of California, and was, during all of the times mentioned in the complaint, such corporation, having its principal place of business in the city and county of Sacramento. The complaint further alleges that the defendant corporation is the publisher of a newspaper known as the ''Sacramento Bee,'' and that on or about the twenty-fourth day of September, 1928, the defendant corporation printed and published in

said "Sacramento Bee," certain libelous matter of and concerning the plaintiff; that the issue of the paper containing such libelous matter was circulated in the city of Lincoln, in Placer County, and in the county of Placer generally. Damages on account of said alleged libelous publication are prayed for in the complaint.

The affidavit upon which the notice of motion for change of place of trial is based sets forth that the James McClatchy Publishing Company is a corporation, having its principal place of business in the city and county of Sacramento, and that a majority of the directors of the corporation were, at the time of the commencement of the action, residents of the county of Sacramento, and that none of them were, at the time of the commencement of the action, or at the time of the making of the affidavit, residents of the county of Placer. The notice of motion and motion follow the affidavit. The demand for change of place of trial is in the usual form. ▪ The fact that the affidavit upon which the notice of motion was based, and upon which the demand for change of place of trial is predicated, refers to the fact that a majority of the directors of the defendant corporation were residents of the city and county of Sacramento, and that none of them were residents of the county of Placer, need not be considered for the simple reason that the directors are not made parties to this action. The cause is prosecuted simply against the defendant corporation, and there are no individual defendants named either in the title to the action or in any portion of the complaint. ▪ We are confronted upon this appeal simply with the question as to whether a corporation sued in the county in which an alleged libel is circulated, is entitled to have the action transferred to the county of its principal place of business, for trial.

In support of the order granting its application for change of place of trial, the respondent relies solely upon the case of *Graham* v. *Mixon*, 177 Cal. 88 [L. R. A. 1918F, 1023, 269 Pac. 1003]. In that action the principal question decided was as to what constitutes an injury to person, within the definition of section 395 of the Code of Civil Procedure. It was there held that section 395, in so far as that case was concerned, related only to bodily injuries, and not to injuries to character; that the former was an action in the nature

of trespass, and the latter an action on the case. Under these circumstances it was held that in a purely personal action, where no corporation was involved, section 395 of the Code of Civil Procedure, as amended in 1911, did not deprive the defendant of the right to have the cause of action transferred to his place of residence. It will be further observed that in the Mixon case, although it was for a libel published in a newspaper, it was not published by a corporation, but was published by the defendant Mixon who was doing business under a fictitious name. Even the law relative to doing business under a fictitious name had not been complied with by the defendant, but if it had, the application and controlling power of section 395 of the Code of Civil Procedure would not have been affected. This case does not purport to, and does not in anywise affect the ruling followed in cases where alleged libels have been published by corporations. It is purely and simply an action between parties in their individual capacities, and is no different from other actions as to the right of the defendant to have the trial take place at his place of residence, unless specifically controlled by other sections of the code concerning actions relative to real estate, and instances specifically mentioned. Section 16 of article XII of the Constitution is not referred to, and no attempt is made to modify, limit or distinguish the rulings had in the cases based thereon.

This being an action solely against a corporation, we must have resort to the Constitution controlling such actions. Section 16 of article XII reads: "A corporation or association may be sued in the county where the contract is made or is to be performed or where the obligation or liability arises or the breach occurs, or in the county where the principal place of business of such corporation is situate, subject to the power of the court to change the place of trial as in other cases."

In the case of *Brady* v. *The Times-Mirror Co.*, 106 Cal. 56 [39 Pac. 209], the cause of action was prosecuted against a corporation and an individual. In that case it was held that if the corporation had been sued alone, the right of the plaintiff not only to institute but to maintain and prosecute the action in the place of his residence where the alleged libel had been circulated, would have been upheld. But as

the plaintiff saw fit to join an individual defendant, the right to resist the change of place of trial was waived.

In *Tingley* v. *Times-Mirror Co.*, 144 Cal. 205 [77 Pac. 918], the following holding is had: "An action for libel may be maintained in the county where the plaintiff resides, against a defendant corporation publishing a newspaper in another county, which is its principal place of business, where the paper in which the libel was published was circulated in the former county."

In line with these cases is the case of *Cook* v. *W. S. Ray Mfg. Co.*, 159 Cal. 694 [115 Pac. 318]. In this case the section of the Constitution relative to the institution and maintenance of an action for libel in a county other than that in which the corporation has its principal place of business, is further amplified. After quoting the section of the Constitution the court there says: "And this has been held to mean not merely that an action against a corporation may, at the option of the plaintiff, be commenced in one of the designated counties other than the one in which the defendant has its principal place of business, but that it may be prosecuted to final judgment where commenced, unless the defendant can allege and show some sufficient ground for a change of place of trial *distinct* from the fact that the residence of the corporation is in another county." (Citing authorities.)

It is further held in the Cook case that the section of the Constitution referred to does not violate any of the provisions of the Fourteenth Amendment to the federal Constitution.

In *Raphael* v. *Peoples Bank of Benicia*, 45 Cal. App. 115 [187 Pac. 53], the same question was before the District Court of Appeal of the First District that we are now considering, and it was there held that section 16 of article XII of the Constitution was not violative of the federal Constitution. It was also there held that under the section of the Constitution which we are considering, such an action might not only be instituted, but prosecuted to final judgment, unless the defendant could show some ground for change of place of trial *distinct* from the fact of residence of the corporation. This case likewise refers to section 395 of the Code of Civil Procedure, and points out that the rights

of the parties are not dependent upon that section of the code.

In *W. J. Bush & Co.* v. *Van Camp S. F. Co.*, 51 Cal. App. 440 [196 Pac. 918], section 16 of article XII of the Constitution was under consideration, and it was there held (quoting from the syllabus): "A corporation, in an action for damages for breach of contract, is not entitled to have the place of trial changed to the county in which its principal place of business is situate, where the action is brought in the county where the contract is to be performed, and no reason other than residence, exists for the change." While the opinion in that case is brief, it cites a number of decisions supporting the rule just stated.

In *Strassburger* v. *Santa Fe L. I. Co.*, 54 Cal. App. 7 [200 Pac. 1065], the constitutional provision here involved was again before the District Court of Appeal for the First District, and it was there held that even though individuals were joined as defendants, as to the corporation defendant, no right to change the place of trial was given, and that as to the corporation, the constitutional provision was not waived. The syllabus states succinctly the holding of the court in that case, and we quote it as follows: "The right, conferred by section 16 of article XII of the Constitution, to sue a corporation in a county other than that of its residence, or that in which its principal place of business is situated, is not waived by the joinder of individuals as defendant; and where, in accordance with that constitutional provision, a corporation is sued in a county other than that of its residence, and individuals are joined as defendants, the latter have the right to have the place of trial changed to the county of their residence, but the corporation has not that right." .

In the case of *Nakata* v. *Guarantee Mtg. Co.*, 60 Cal. App. 260 [212 Pac. 937], it is held that an action against a corporation for fraud committed in a county other than its principal place of business, may prosecute in the county in which the fraud is committed, and a corporation has no right to a change of place of trial. This case also cites the cases to which we have just referred.

In the recent case of *Ray Wong* v. *Anthony Co.*, 199 Cal. 15 [247 Pac. 894], section 16 of article XII of the Constitution was under consideration by the Supreme Court, and in

an opinion written by Presiding Justice Finch of this court, sitting as justice *pro tem.*, it was held that a corporation, in an action for damages based upon malicious prosecution, instituted in a county other than the residence of the corporation, entitles the plaintiff to maintain the action in the county where the liability arose, and that the corporation, under the section of the Constitution, has no right to a change of the place of trial. The opinion in the Ray Wong case cites many decisions to support the ruling there followed.

It likewise appears from a consideration of the cases that section 16 of article XII of the Constitution is self-executing, and in so far as it conflicts with any legislative enactment, it takes precedence. (7 Cal. Jur., p. 118, sec. 614.)

We think there is no escape from the conclusion, and what we have said, that the case of *Graham* v. *Mixon, supra,* relied upon by the respondent, and followed by the trial court, has no application to the question here presented, and that it was error to grant the respondent's motion for a change of place of trial.

The order appealed from is reversed.

Thompson (R. L.), J., and Finch, P. J., concurred.