[Civ. No. 3986.   Fourth Dist.   Aug. 29, 1950.]

RAMON LIERA, Respondent, v. LOS ANGELES FINANCE COMPANY (a Corporation) et al., Appellants.

A. Joseph Shapiro for Appellants.

D. M. McGahey for Respondent.

GRIFFIN, J.—Plaintiff brought an action in Imperial County for damages against defendant Los Angeles Finance Company, a corporation, Los Angeles Finance Counselors, a corporation, LeRoy's Jewelers, a corporation, and Does I to X inclusive.

The four causes of action stated against the corporations are for damages for claimed "distress in mind and body and mental anguish" due to the malicious and wrongful attachment of wages and earnings in the amount of $70 for personal service rendered within 30 days previous to the date of the attachment, and for abuse of process thereafter.

In the complaint is the usual allegation that the names of the fictitiously named defendants were not known to plaintiff and that he would ask leave to amend the complaint to show their true names and the capacity in which they acted upon ascertaining these facts. It does not appear, from the record before us, that any of the defendant corporations named or any defendant denominated Does I to X inclusive were served with summons and complaint. However, plaintiff recites in his brief that summons was only issued against the corporations named and not against any individual and that an attorney accepted service by acknowledgment on the original summons, reciting: "Received this —— day of ———, Attorney for defendants for all defendants." No attempt was made in the complaint to allege anything done by, or to state a cause of action against, any individual.

Plaintiff alleges that defendant, LeRoy's Jewelers, in doing and causing to be done the various things complained of, acted through defendant Los Angeles Finance Company and Los Angeles Finance Counselors, the corporations named. Thereafter, a demurrer was filed reciting: "Come now defendants, Los Angeles Finance Company, a corporation, Benjamin B. Shapiro, Frank P. Shapiro, and Harry Sherwood (sued herein as Doe I, Doe II and Doe III respectively), individually and as copartners doing business under the firm name LeRoy's Jewelers, and LeRoy's Jewelers, a copartner-

ship, and demur to the complaint.'' In addition, each filed a notice of motion for change of venue to Los Angeles County. This was accompanied by an affidavit of merit which also recites that Harry Sherwood was president of the Los Angeles Finance Company, a corporation; that Frank P. Shapiro was vice president; that the affidavit is made on behalf of the corporation and themselves, individually, and as copartners of LeRoy's Jewelers, and that the Los Angeles Finance Company, formerly Los Angeles Finance Counselors, a corporation, and defendant LeRoy's Jewelers' principal and only place of business is in the city of Los Angeles and that the individual defendants resided there during all the times mentioned. Upon this showing the court denied the motion to change the venue.

Defendants appeal and contend (1) that all the defendants were residents of Los Angeles County and as such were entitled to have the action transferred to the county of their residence; (2) that the venue of the action is governed by section 395 of the Code of Civil Procedure and does not fall within any of the exceptions therein provided; (3) that the fact that one of the defendants was a corporation did not cause the venue of the action to be governed by article XII, section 16 of the Constitution rather than by the provisions of section 395 of the Code of Civil Procedure or the fact that the individual defendants were sued under fictitious names did not deprive them of the right to have the action tried in the county of their residence.

It is plaintiff's contention that the venue of the action against corporations and associations is governed by article XII, section 16 of the Constitution unless waived by the plaintiff; that there was no such waiver; that it was plaintiff's privilege to designate the parties defendant he intended to sue; that the parties made defendants solely for venue purposes have no venue privileges under section 395 of the Code of Civil Procedure; and finally, that volunteers who choose to inject themselves into lawsuits waive venue privileges granted involuntary defendants.

It is true that the venue of an action against corporations and associations is governed by article XII, section 16 of the Constitution unless waived by the plaintiff. A waiver may be effected by the designation and service of a nonresident individual as a party defendant. (*Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 P. 209].) In the instant action the individuals appearing by demurrer were not parties defendant named in the complaint. There was no allegation that any individual

committed any wrongful act but, on the contrary, it is alleged that the wrongful and malicious act was committed by the corporations named. No judgment is sought against any individual but only against the named corporations.

When a plaintiff sues with fictitious defendant allegations, it is plaintiff's, rather than the defendant's privilege to designate whom he intended to sue. A person not named as a party to the suit and not served as one of those sued by fictitious names or otherwise made known by the plaintiff as one of the real persons whom he desired as defendants, and whom he sued under fictitious names, has no right to appear therein by demurrer, and it is not for any or every person in the county to decide for himself whether he is the person intended. (*Mercantile Trust Co. of San Francisco* v. *Stockton Terminal etc. Co.,* 44 Cal.App. 558 [186 P. 1049] ; *McKinlay* v. *Tuttle,* 42 Cal. 570; *Bachman* v. *Cathry,* 113 Cal. 498 [45 P. 814].)

It would therefore appear, so far as the complaint before us is concerned, that the only defendants mentioned in the complaint and served, were the three corporations thus designated, and any individuals appearing by denominating themselves Does I, II and III would have no right, in the face of the complaint, to seek a change of venue based upon their residence. Their appearance in the action was voluntary, and without a proper amendment to the complaint, no proper judgment could be obtained against them as such individuals. (Code Civ. Proc., § 474; *Flores* v. *Smith,* 47 Cal.App.2d 253 [117 P.2d 712] ; *Union Tank & Pipe Co.* v. *Mammoth Oil Co.,* 134 Cal.App. 229 [25 P.2d 262] ; *Roseborough* v. *Campbell,* 46 Cal.App.2d 257 [115 P.2d 839].)

The only remaining question is whether or not the corporations named in the complaint could be sued in Imperial County by reason of the fact that the "obligation or liability arises, or the breach occurs" in that county. (Const., art. XII, § 16.) The Legislature may not designate the forum or county for commencement and trial of actions when that subject is covered by the Constitution. (*Miller & Lux* v. *Kern County Land Co.,* 134 Cal. 586 [66 P. 856] ; *Buck* v. *James McClatchy Publishing Co., Inc.,* 105 Cal.App. 248 [287 P. 364].) The above-mentioned section of the Constitution has consistently been held to control suits either in contract or tort, brought against corporations or associations. (*Brady* v. *Times-Mirror Co.,* 106 Cal. 56 [39 P. 209] ; *Griffin & Skelly Co.*

v. *Magnolia & Healdsburg F. C. Co.*, 107 Cal. 378 [40 P. 495]; *Tingley* v. *Times-Mirror Co.*, 144 Cal. 205 [77 P. 918].) The complaint only alleges that the corporations committed the acts charged.

In considering an appeal from an order denying a motion for change of place of trial, for the purpose of the motion, the allegations of the complaint must be taken as true. (*Coley* v. *Hecker*, 206 Cal. 22 [272 P. 1045]; *Yolo County Consolidated Water Co.* v. *Adamson*, 22 Cal.App. 493 [135 P. 48].)

In view of this determination it will be unnecessary to further consider the other points suggested by plaintiff justifying the order.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied September 15, 1950, and appellants' petition for a hearing by the Supreme Court was denied October 26, 1950. Schauer, J., voted for a hearing.