[Civ. No. 20483.   Second Dist., Div. Three.   Feb. 7, 1955.]

EARL F. SHORES, Respondent, v. CHIP STEAK COM-
PANY (a Corporation) et al., Appellants.

Milo Ayer for Appellants.

C. G. Stratton and Austin Clapp for Respondent.

ASHBURN, J. pro tem.*—This action is between the same parties and was filed at the same time as the one involved in Civil No. 20484, *ante,* p. 620 [279 P.2d 591] this day decided. The appeal is from an order denying motion for change of venue from Los Angeles County to Alameda County and has been submitted pursuant to rule 17(b).

The two corporations, Chip Steak Company and Chip Steak Company Southern California are the only defendants. The complaint is in two counts. Plaintiff repeats the allegations of the other action to the effect that he, conducting business under the fictitious name Chip Steak Company, has been and is engaged in preparing, selling and distributing "thin sliced fresh beef, known in the trade and designated by him as 'chip steaks,' "—this in Los Angeles County and elsewhere; that defendants are and have been jointly engaged in like business of preparing and selling in Los Angeles County "thin sliced fresh beef, known to the trade in said County as 'chip steaks.' " The first count then adds allegations intended to state a cause of action for wrongful disparagement of his goods, or trade libel. It is averred that plaintiff's chip steak were being sold in San Joaquin County by Gerry Gott Company and by plaintiff himself in Los Angeles County; that defendants falsely and maliciously published in the Stockton Record, "a newspaper that was and is circulated in the Counties of San Joaquin and Los Angeles," an advertisement stating in substance that plaintiff's steaks were in counterfeit packages which were imitations of defendants' packages, that plaintiff's product was not "quality" food, or prepared or packaged by modern, safe or sanitary methods, that plaintiff had no right to sell chip steaks in San Joaquin or Los Angeles County; that all these statements in the advertisement were untrue; that by final decree of the United States District Court "all pertinent claims of U. S. Patent No. 2,052,221," under which both plaintiff and one defendant had been licensed, were declared invalid; that prospective purchasers of plaintiff's meats were misled and so bought from defendants, all to plaintiff's damage. The prayer sought damages, an accounting and an injunction.

The second count describes the labels used by plaintiff and defendants, respectively, on their meat packages, alleges similarity calculated to deceive the public, use of said misleading label by defendants in Los Angeles County, to plaintiff's

*Assigned by Chairman of Judicial Council.

damage; and plaintiff prays for damages on that second cause of action together with an accounting and an injunction.

It will be noted that we do not have any attack upon the said patient No. 2,052,221, nor any direct charge of infringement of trademark,—matters covered by our ruling in Civil No. 20484, *ante*, p. 620 [279 P.2d 591]. This case presents two alleged causes of action for unfair competition. The complaint avers that this was accomplished in one instance through publication of a trade libel in a newspaper which was circulated in Los Angeles County as well as San Joaquin; in the second instance by use in Los Angeles County of a misleading label resulting in fraud upon plaintiff and his customers.

As pointed out in our accompanying opinion in Civil No. 20484, *ante*, p. 620 [279 P.2d 591], the fact that both defendants have their principal place of business in Alameda County is not determinative of venue even though they are the only defendants. They have the burden of further proving their alleged wrongdoing did not occur in Los Angeles County. (*Konig* v. *Associated Almond Growers,* 37 Cal.App. 2d 360, 364 [99 P.2d 678]; *Pacific Bal. Industries* v. *Northern Timber, Inc.,* 118 Cal.App.2d 815, 826 [259 P.2d 465]; *Cook* v. *W. S. Ray Mfg. Co.,* 159 Cal. 694, 696 [115 P. 318]; *Walker* v. *Wells Fargo Bank etc. Co.,* 8 Cal.2d 447, 450 [65 P.2d 1299].)

There can be no doubt about the fact that defendants' alleged liability for using the misleading label arose, if at all, in Los Angeles County for same was used there and customers taken from plaintiff in that locality.

The first count falls in the same category. The gist of it is the publication in a paper circulated in Los Angeles County of a trade libel. And the question of venue arising therefrom is governed by *Tingley* v. *Times-Mirror Co.,* 144 Cal. 205 [77 P. 918]. Plaintiff Tingley, a resident of San Diego County, sued defendant in that county for libel. Its principal place of business was at Los Angeles and its newspaper was there published; it was alleged that the paper also was circulated in San Diego and other portions of the state. In affirming a refusal of defendants' motion for a transfer to Los Angeles County, the court said, at page 206: "The liability arises where the injury occurs, and the injury in the case of libel is peculiarly at the county in which the plaintiff resides if, as is alleged, the plaintiff has published and

circulated the libelous article there, and there it is that plaintiff is most injured by the publication," and at page 207: "In our opinion, libel may be maintained in the county in which the plaintiff resides, when the newspaper is circulated in that county, though published in another county, which latter is the principal place where defendant's business is located. (*Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 P. 209].)" A similar factual situation was presented in *Buck* v. *James McClatchy Pub. Co., Inc.*, 105 Cal.App. 248 [287 P. 364], and like ruling made. ■ The distinction between libel and trade libel is that the former concerns the person or reputation of plaintiff and the latter relates to his goods. (*Black & Yates, Inc.* v. *Mahogany Assn.*, 129 F.2d 227, 232, 235; *Montgomery Ward & Co.* v. *United R. W. & D. Store Emp.*, 400 Ill. 38 [79 N.E.2d 46, 52].) From the venue standpoint the instant case is indistinguishable from *Tingley* v. *Times-Mirror Co., supra.*

■ Appellant argues that when the plaintiff has failed to state a cause of action, whether in declaratory relief, or otherwise, the defendant corporation is entitled to have the cause transferred to the county of its residence, for the reason that the complaint does not allege any obligation accruing in Los Angeles County and counsel relies upon *Clary* v. *Basalt Rock Co.*, 99 Cal.App.2d 458 [222 P.2d 24], which case, as shown in the ruling in Civil No. 20484, supports his position only when the complaint shows that plaintiff has no cause of action and that he cannot amend to state one. Of course, if he cannot do that he has suffered no delict in any place and defendant corporation has sustained its burden under section 16 of Article XII. But short of that, he must take the complaint as he finds it (*Warren* v. *Ritter*, 61 Cal.App.2d 403, 405 [142 P.2d 948]) and establish from it or from affidavits that none of the conditions for suit in the county of filing actually exists. It is therefore unnecessary for us to pass upon the sufficiency of plaintiff-respondent's pleading at bar. It is enough to know that the nature of the cause of action of each count is as above stated and that it shows a liability arising in Los Angeles County. Likewise, and for the same reasons, there is no occasion to discuss the contention that a change of venue must be granted if either cause of action "is not within the provisions of Section 16 of Article XII, *supra.*"

The motion for change of venue was properly denied and the order is affirmed.

Shinn, P. J., and Vallée, J., concurred.