## 56475. CARROLL CITY/COUNTY HOSPITAL AUTHORITY v. COX ENTERPRISES, INC.

SMITH, Judge.

The appellant sued Cox Enterprises for libel following publication in The Atlanta Journal of an allegedly defamatory article. Suit was brought in Carroll County, and, upon a showing that the editions of The Atlanta Journal containing the alleged defamation were originally distributed to the public in Fulton County, the trial court dismissed the suit for lack of venue. Bound by precedent, we reluctantly affirm.

The fact that Carroll County is improper venue in a libel action based on an article in a newspaper first distributed in Fulton County is unquestionably concluded by the trilogy of opinions in *Rives v. Atlanta Newspapers, Inc.,* 110 Ga. App. 184 (138 SE2d 100) (1964); revd. on cert., 220 Ga. 485 (139 SE2d 395) (1964); conformed to on remand, 111 Ga. App. 6 (140 SE2d 304)(1965). In the initial opinion, this court adopted the "single publication rule" under which an entire edition of a newspaper is treated as only one publication, and, if that edition contains a defamation, only one libel is deemed to have occurred. For venue purposes, this libel is deemed to have occurred at the place where the newspaper was first circulated. The Supreme Court reversed the Court of Appeals on a technical point of pre-CPA pleading construction, but it expressly affirmed the single publication rule. Moreover, its judgment, affirming the trial court's dismissal of the Polk County action against Atlanta Newspapers because the pleadings did not allege that the claimed defamation was first circulated in Polk County, implicitly adheres to the single publication rule expressed by the Court of Appeals. Finally, in the remand opinion this court noted that the "question of where a newspaper libel occurs" was treated consistently by both courts. We are bound by decisions of the Supreme Court (*Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200 (243 SE2d 565) (1978)) and for the reasons stated above we must reject appellant's contention that the Supreme Court's opinion in *Rives* does not bind this court on the venue question.

As in *Gerald,* supra, we question the wisdom of the rule to which we are bound. Judicial adoption of the single publication rule was ably critized by Judge Pannell's special concurrence in the original *Rives* opinion. 110 Ga. App. 184, 190. In particular, though, we wish to call attention to the compelling reasons against using the single publication rule to establish venue. These reasons are incisively stated in Note, The Single Publication Rule in Libel: A Fiction Misapplied, 62 Harvard L. Rev. 1041, 1046 (1949):

"The fiction of single' publication has also been employed to determine the venue of an action for libel circulated in many counties of the same state. In the absence of statute, an action for libel may be maintained wherever the defamatory matter is circulated. Statutes in some states, however, require that a tort action be tried in the county where the 'cause of action arose' or 'where the injury occurred.' By applying to these provisions the fiction of the composite tort, some courts have held that the tort or injury occurs in the county where the defamatory matter is printed, or where it is first circulated. This application of the concept is rationalized by the argument that to hold that the cause accrues in every county where the defamatory matter is circulated would give the plaintiff the advantage — not available to the plaintiff in other tort actions — of being able to choose a forum where religious, political, and social predilections of the jurors are likely to operate in his favor. But, unlike those injured by other torts, a person libeled suffers injury, to his reputation, in every county where the libel has been distributed, and courts of other states have not found the choice-of-venue privilege an unconscionable advantage. In any state with a venue statute requiring the plaintiff, without practical alternative, to sue in the county where the cause accrued, the application of the single publication rule may give the defendant a similar forum-shopping advantage, which he may exercise by choosing a favorable county for the first release. No real injustice is wrought, of course, if the plaintiff also has the option of suing in the county of his residence, where the damage to his reputation will ordinarily be greatest. But, whether the plaintiff has this alternative or not,

interpretation of the venue statute in the light of the integrated publication doctrine seems an unenlightened method for the selection of a proper forum, since the county chosen by this means does not necessarily have a substantial connection with either party. Certainly the single publication rule should not be applied for venue purposes solely on the argument that 'separate suits for each communication are impracticable; *ergo*, the whole transaction is a single cause of action, which must accrue at a single time and place.' Furthermore, engrafting such a limitation on the venue statute seems more appropriate for legislative than for judicial action."

Were we not otherwise bound, we would recede from the single publication rule first adopted in Georgia by this court and later cemented into the law by the Supreme Court. However, as the law now stands, venue for the instant action did not lie in Carroll County, and the trial court's judgment was correct.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 12, 1978 — DECIDED OCTOBER 23, 1978 — REHEARING DENIED NOVEMBER 2, 1978 —

*Tisinger, Tisinger & Vance, Thomas E. Greer, David H. Tisinger,* for appellant.

*Hansell, Post, Brandon & Dorsey, Charles T. Zink, Albert G. Norman, Jr., Aubrey W. Gilbert,* for appellee.