### 34477. CARROLL CITY/COUNTY HOSPITAL AUTHORITY v. COX ENTERPRISES.

BOWLES, Justice.

We granted certiorari in this case to determine the proper venue of libel actions brought in the State of Georgia against corporate publishers. Under the Court of Appeals' decision, (*Carroll City/County Hospital Authority v. Cox Enterprises*, 147 Ga. App. 863 (250 SE2d 550) (1978), venue in a libel action against a corporate publisher can be maintained only where the libelous publication is first exposed to public view. In so holding, the Court of Appeals stated that this result was demanded by *Rives v. Atlanta Newspapers, Inc.*, 110 Ga. App. 184 (138 SE2d 100) (1964), revd. on cert., 220 Ga. 485 (139 SE2d 395) (1964), conformed to on remand, 111 Ga. App. 6 (140 SE2d 304) (1965), in which the single publication rule was adopted as the law of the state.

Under English and American common law, every sale of a single copy of a newspaper was a distinct publication. As a result, a large number of separate suits could be instituted against a newspaper based upon any one defamatory story. Prosser on Torts, § 113 (4th Ed. 1971). Some form of a single publication rule has now been adopted in most American jurisdictions to avoid this situation.

The purpose of the single publication rule is to protect newspaper defendants and the courts from a multiplicity of suits and an almost endless tolling of the statute of limitations. Its goals can be accomplished by requiring a plaintiff to collect all of his damages in one action, and establish that the statute of limitations is to run from the date of initial publication. The rule is a device by which a widely circulated libel is litigated in one trial, a convenient fiction to simplify litigation and prevent a multiplicity of suits.

The single publication rule need not and should not, however, have any bearing on venue. While the rule may

determine venue in the sense that there shall be only one trial, there is no logical basis for employing the single publication rule as a method of determining the site of the trial. See Note, The Single Publication Rule in Libel: A Fiction Misapplied, 62 Harv. L. Rev. 1041, 1046-1047 (1949); Note Uniform Single Publication Act, 44 Calif. L. Rev. 146, 151-152 (1956). The holding of this court in *Rives v. Atlanta Newspapers, Inc.,* 220 Ga. 485 (139 SE2d 395) (1964), went no further than to judicially establish the single publication rule in Georgia. It did not establish the venue of such actions as being any different from the venue established by our Constitution and by statute for other torts. If a libel action is brought against a non-corporate newspaper, the venue would, by constitutional mandate, have to be brought in the county of residence of the libeler, which may not be the county where the newspaper is published. Code Ann. § 2-4306.

Code Ann. § 22-404 (d) provides that corporations may be sued for damages because of torts in the county where the cause of action originated, if the corporation has an office and transacts business in that county. We construe this Code section to permit venue of a civil action for libel against a corporate publisher to be laid in any county in which the newspaper is circulated, provided the corporation has an office and transacts business in that county. In accord: Tingley v. Times-Mirror Co., 144 Cal. 205 (77 P 918) (1904); Shores v. Chip Steak Co., 130 Cal. App. 2d 627 (279 P2d 595) (1955); Firstamerica Development Corp. v. Daytona Beach News-Journal Corp., 196 S2d 97 (Fla. 1966); Dyer v. Davis, 189 S2d 678 (La. App. 1966); State v. District Ct., 129 Okla. 210 (264 P 154) (1928).

Unlike those injured by other torts, a person libeled suffers possible injury in every county where the libel has been distributed. Therefore, a separate injury may originate in many different counties. Presumably, the person libeled suffers the greatest injury in his home community. In some cases, the person libeled will be harmed only in the county of his residence, the only place he is known. While the single publication rule permits only one suit to be filed against the tortfeasor newspaper for the entire issue of the story, it should not be applied to

prevent a plaintiff from suing where the injury to his reputation may be the greatest. To restrict suit to the county in which the libel was first published would, in many cases, place an unfair burden on the plaintiff to sue for an injury which may not, in fact, exist at the place of trial.

By its own action in circulating its newspaper in Carroll County, the respondent gave rise to a cause of action which originated in Carroll County for venue purposes. To hold otherwise would allow corporate newspapers to expand their sphere of influence over many counties without exposing themselves to the full responsibility for their policy decisions. We refuse to give this advantage to one class of defendants in libel actions. Such a result is not demanded by this state's adoption of the single publication rule.

We reverse the Court of Appeals and the trial court. Venue was properly laid in Carroll County under Code Ann. § 22-404(b). It was error to dismiss applicant's suit for lack of venue.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., and Hall, J., who dissent.*

ARGUED MARCH 12, 1979 — DECIDED MAY 30, 1979 — REHEARING DENIED JUNE 22, 1979.

*Tisinger, Tisinger & Vance, Thomas E. Greer,* for appellant.

*Hansell, Post, Brandon & Dorsey, Charles T. Zink, Albert G. Norman, Jr., John E. Zamer, Prince & Vassey, Douglas C. Vassey,* for appellee.

*W. Hale Barrett, David E. Hudson, Sell, Comer & Popper, E. S. Sell, Jr., Richard B. Miller,* amicus curiae.

UNDERCOFLER, Presiding Justice, dissenting.

I dissent for three reasons:

1. Under the single publication rule there is only one tort of libel—the first publication. Additional circulations are ignored. That one tort is recognized for all purposes, including venue. I find no jurisdiction which fragments the rule as the majority opinion does here. "The majority

of the American courts, however, have developed, in cases involving venue or the statute of limitations, a single publication rule, under which an entire edition of a newspaper, magazine or book is treated as only one publication, and the plaintiff is permitted to plead and prove merely a general distribution of the libel and show the extent of the circulation as evidence bearing on the damages." Prosser, The Law of Torts (4th Ed.), p. 769. Accord, 1 Harper & James, The Law of Torts (4th Ed.), p. 394, § 5.16.

2. *Rives v. Atlanta Newspapers, Inc.*, 220 Ga. 485 (139 SE2d 395) (1964), established the single publication rule in Georgia. It cannot be distinguished as the majority has done. If it is not to be followed, the majority should overrule it.

3. I would follow the single publication rule announced in *Rives*. It provides a simple and equitable resolution to complex problems of venue, multiplicity of suits, apportionment of damages, statute of limitations, res judicata, and conflict of laws arising in an era of almost instantaneous mass communications. "In addition to considerations of convenience and administration, the rule has been justified, particularly as to magazines and newspapers, on the ground that they are of passing interest and unlikely to cause substantial harm after their initial impact upon the reading public." Harper & James, supra, at 395.

I am authorized to state that Justice Hall joins in this dissent.