sometimes, competing considerations. We will not second guess the conduct of such efforts without solid reason. Here, all of the indicators point in favor of deference to the court below. We hold that it was well within the district judge's discretion to spurn the appellant's eleventh-hour turnabout, and decline to delay a long-awaited trial to accommodate his change of heart.[4]

### E. *The Simulation.*

■ The appellant also alleges that the court erred in allowing the defendants to demonstrate the benzidine test originally performed on him, replacing the benzidine—which was no longer commercially available—with a chemical of the same class, group, and family.[5] Such a simulation, however, might well have been helpful to the jury's understanding of the case. Trial judges have wide discretion in deciding whether an adequate foundation has been laid for the admission of evidence. *See Onujiogu v. United States,* 817 F.2d 3, 5 (1st Cir.1987); *United States v. Golden,* 671 F.2d 369, 371 (10th Cir.1982). They likewise possess front-line authority to ascertain whether or not the differences between a simulated scenario and the actual one warrant the sustaining of an objection to the evidence. *See, e.g., In re Beverly Hills Fire Litigation,* 695 F.2d 207, 223 (6th Cir.1982).

■ In this instance, the experiment was easy to control, the variable easy to define, the risk of confusion correspondingly slight. The appellant has failed to show that the foundation laid by the defense through the examination of an expert witness was inadequate for the proper admission of the modified chemical test into evidence, or that the jury was somehow misled. To be sure, the simulation may have prejudiced the jury in favor of the defendants' version of the critical event and against the plaintiff's; that was, after all, why the defense wanted to conduct it. The law protects not against prejudice, but

against *unfair* prejudice. *Onujiogu v. United States,* 817 F.2d at 6; *United States v. Moreno Morales,* 815 F.2d at 740. Here, as in *Onujiogu,* "[t]hough the admission [of the evidence] was powerful medicine, the appellant[ ] can point to no prejudicial effect stemming therefrom, apart from the *justifiable* damage which [it], if credited by the jury, did to [his] cause." 817 F.2d at 6 (emphasis in original). There was no abuse of discretion in the decision to permit enactment of the simulated procedure.

### III. CONCLUSION.

We need go no further. The appellant's remaining contentions, like those which we have discussed, are unavailing. Real has not brought to our attention any circumstances which would warrant a new trial. We conclude that the district court did not commit reversible error in its rulings at or during the trial, or in denying the appellant's posttrial Rule 59 motion. Real's case was fairly heard. His complaint, at bottom, is merely that he lost.

*Affirmed.*

**Kathy KEETON, Plaintiff, Appellee,**

v.

**HUSTLER MAGAZINE, INC., and Larry C. Flynt, Defendants, Appellants.**

**No. 86–1963.**

United States Court of Appeals, First Circuit.

Sept. 11, 1987.

**LEVIN H. CAMPBELL, Chief Judge.**

---

**4.** Because we find the ruling to have been a proper exercise of the district court's discretion, we need not reach the alternative argument that, if error occurred, it was harmless. In the defense's view, the probative value of evidence of cancer went primarily to damages—an issue

which the jury, as matters turned out, had no need to consider.

**5.** The substitute produced a benzidine-like reaction to the presence of blood.

