828 F.2d 64
 Kathy KEETON, Plaintiff, Appellee,
v.
HUSTLER MAGAZINE, INC., and Larry C. Flynt, Defendants, Appellants.
 No. 86-1963.
 United States Court of Appeals,
First Circuit.
 Sept. 11, 1987.
 
 CERTIFICATION
 LEVIN H. CAMPBELL, Chief Judge.
 
 
 1
 The plaintiff in this case, Kathy Keeton, brought a diversity action in the federal district court for the district of New Hampshire, claiming that Hustler Magazine (and its publisher) printed libelous material about her in five issues of the magazine. The case raises several difficult threshold issues, primarily because the parties have so little contact with New Hampshire. None of the parties resides in New Hampshire, Hustler's principal place of business is in California, and the only significant contact with New Hampshire is that Hustler sends several thousand copies of its magazine (about one percent of its total circulation) into New Hampshire each month. The case is complicated further by the fact that, at the time the plaintiff filed suit, the relevant statute of limitations period (the period governing libel actions) had expired in every state but New Hampshire.
 
 
 2
 Until now, we have assumed that New Hampshire law would permit (even require) a libel plaintiff to recover in a single action all damages that she suffered everywhere the libel circulated, not just in New Hampshire. That is to say, we have assumed that New Hampshire would follow the modern "single publication rule." See Buckley v. New York Post Corp., 373 F.2d 175, 179-80 (2d Cir.1967); Restatement (Second) of Torts Sec. 577A (1977); W. Keeton, Prosser and Keeton on Torts at 800-01 (5th ed. 1984). We have also assumed that New Hampshire would apply its own "procedural" statute of limitations to such an action, thereby allowing the plaintiff to recover for harm suffered in every other state despite the expiration of the other states' limitations periods. See Gordon v. Gordon, 118 N.H. 356, 387 A.2d 339, 342 (1978). On these assumptions, we previously held that the Constitution did not permit New Hampshire to assert personal jurisdiction over the defendants. Keeton v. Hustler Magazine, 682 F.2d 33 (1st Cir.1982). The Supreme Court, however, reversed our decision, holding that jurisdiction in the New Hampshire federal court is proper. Keeton v. Hustler Magazine, 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). In so doing, it explicitly left open the question "as to whether any arguable unfairness" in New Hampshire's applying its longer limitations period to injuries occurring in states where the limitations period had expired "rises to the level of a due process violation." Id. at 778 n. 10, 104 S.Ct. at 1480 n. 10. We returned the case to the district court for trial, and a jury eventually awarded the plaintiff $2 million in damages, representing harm suffered both inside and outside New Hampshire. The defendants have appealed.
 
 
 3
 In this posture, we are now faced with two particularly difficult legal questions, both of first impression, arising out of the combination of a multistate defamation action and a "procedural" statute of limitations. We may have to decide whether, under federal law, venue is proper in the federal court in New Hampshire; i.e., whether, when a plaintiff seeks damages most of which occurred in other states, New Hampshire is nonetheless a state "in which the claim arose." 28 U.S.C. Sec. 1391(a); compare Leidholdt v. L.F.P., Inc., 647 F.Supp. 1283 (D.Wyo.1986) (libel claim did not "arise" in district simply because some issues of magazine were circulated there) and Davis v. Costa-Gavras, 580 F.Supp. 1082, 1088-91 (S.D.N.Y.1984) (similar) with Jaffe v. Dolan, 264 F.Supp. 845, 848 (E.D.N.Y.1967) ("A claim for libel or slander arises in the state where it is published.") and Carroll City/County Hospital Authority v. Cox Enterprises, 243 Ga. 760, 256 S.E.2d 443 (1979) (libel "cause of action originated" under Georgia venue statute in every county where newspaper circulated); see generally 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3806 (1986). We may also have to decide the constitutional "choice of law" question that the Supreme Court left open. In this context, we wish, before entering these uncharted seas, first to reexamine the validity of our assumptions about New Hampshire law. For several reasons, we have become uncertain about whether or not New Hampshire would, in fact, apply its statute of limitations in this case so as to allow recovery for damages caused outside of New Hampshire.
 
 
 4
 First, there is no New Hampshire case that allows a libel plaintiff to recover in a single New Hampshire action all the libel damages settled outside New Hampshire. That is to say, it is not clear whether New Hampshire will follow the "single publication" rule.
 
 
 5
 Second, Gordon v. Gordon, the case in which New Hampshire said that its statutes of limitations are "procedural," was not a libel case. Numerous courts and commentators have found "choice of law" issues in multistate defamation causes to be "special," "unusual," or "difficult." See Donovan v. Wilson Sporting Goods Co., 285 F.2d 714, 716 (1st Cir.1961); Patch v. Playboy Enterprises, 652 F.2d 754 (8th Cir.1981); Zuck v. Interstate Publishing Corp., 317 F.2d 727, 733-34 (2d Cir.1963); Dymond v. National Broadcasting Co., 559 F.Supp. 734, 735-36 (D.Del.1983); Dale System v. General Teleradio, Inc., 105 F.Supp. 745, 747-49 (S.D.N.Y.1952); Kelly v. Loew's, Inc., 76 F.Supp. 473, 482-84 (D.Mass.1948); Prosser, Interstate Publication, 51 Mich.L.Rev. 951, 971-78 (1953); Note, The Single Publication Rule in Libel: A Fiction Misapplied, 62 Harv.L.Rev. 1041, 1047-49 (1949); Comment, Conflict of Laws--Substantive Law Applied in Multistate Libel Cases, 14 Ohio St.L.J. 96 (1953). Indeed, one court has suggested that courts "examine the special circumstances of [each] case and tailor a flexible [choice of law] rule suitable for [each set of] facts." Brewster v. Boston Herald-Traveler Corp., 188 F.Supp. 565, 577 (D.Mass.1960); see also Note, Defamation by Mass Communication Media: Some Problems, 32 U.Cin.L.Rev. 520, 530 (1963) (urging "application of the law that is truly relevant in the light of each particular situation"). Many of the concerns expressed in these cases apply when a forum state not substantially connected with the entire tort applies a "choice of law" rule that allows recovery otherwise barred by the limitations rules in foreign states. See Dymond v. National Broadcasting Co., supra; cf. Association for the Preservation of Freedom of Choice v. Simon, 299 F.2d 212, 214 (2d Cir.1962) (suggesting that New York might not apply its own statute of limitations to bar an action on a libel "which arose full-born in a sister state"). Even if New Hampshire ordinarily applies its own statute of limitations to all cases, the "special" character of the problem in multistate defamation cases may suggest a different approach. See Note, Characterization of Multi-State Libel in Conflict of Laws, 48 Colum.L.Rev. 932, 934 (1948) (ordinary conflicts rules may not be applicable to multistate libels).
 
 
 6
 Third, the Supreme Court has recognized the possibility that a constitutional difficulty may arise when a state with little or no interest in the matter (i.e., a state with no substantial connection to either plaintiff or defendant or to most of the facts of the case) applies its statute of limitations to allow recovery for libel damages otherwise barred. Keeton v. Hustler Magazine, 465 U.S. at 778 n. 10, 104 S.Ct. at 1480 n. 10; see also Ferens v. Deere & Co., 819 F.2d 423 (3d Cir.1987) (holding unconstitutional application of forum state's longer statute of limitations where state has no significant connection to facts). Many commentators have expressed similar concerns. See E. Scoles & P. Hay, Conflict of Laws, Sec. 3.48 (1982); R. Weintraub, Commentary on the Conflict of Laws, Sec. 9.2B, at 516-17 (2d ed. 1980); Martin, Constitutional Limitations on Choice of Law, 61 Cornell L.Rev. 185, 220-23 (1976). The source of the constitutional difficulty lies in the general principle that a state may not apply its own law to a case when doing so is "arbitrary" or "fundamentally unfair." See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 814-23, 105 S.Ct. 2965, 2977-81, 86 L.Ed.2d 628 (1985) (state cannot apply its own law to claims of class-action plaintiffs having no connection with state); Allstate Insurance Co. v. Hague, 449 U.S. 302, 312-13, 101 S.Ct. 633, 639-40, 66 L.Ed.2d 521 (1981) (plurality opinion) (in order "for a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair"); Home Insurance Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1930) (state may not apply its statute forbidding parties from limiting by contract the time within which suit may be brought where it has no material contacts with case); cf. Order of United Commercial Travelers of America v. Wolfe, 331 U.S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947) (full faith and credit clause requires state to honor limitation on period for bringing suit embodied in constitution of fraternal benefit society incorporated in another state). Many states have recognized an element of impropriety in applying their own statutes of limitations to certain classes of cases, and accordingly, routinely apply some form of balancing test in choosing among statutes of limitations. See, e.g., Myers v. Government Employees Insurance Co., 302 Minn. 359, 225 N.W.2d 238 (1974); Heavner v. Uniroyal, 63 N.J. 130, 305 A.2d 412, 415-18 (1973); Air Products and Chemicals v. Fairbanks Morse, Inc., 58 Wis.2d 193, 206 N.W.2d 414, 418-19 (1973). In the unusual context of a multistate defamation action, where the forum state may have no connection at all with most of the damages suffered, the "unfairness" of applying the forum state's statute may arguably rise to constitutional dimensions.
 
 
 7
 Fourth, it is not really clear whether New Hampshire is, in fact, committed to follow in all instances the traditional mechanical choice of law rule that a statute of limitations is a matter of procedure and as such lex forum applies. To be sure, the New Hampshire Supreme Court referred approvingly to this rule in Gordon v. Gordon. Nonetheless, many other New Hampshire cases have applied a modern functional interest analysis in other areas of choice of law. Spherex, Inc. v. Alexander Grant & Co., 122 N.H. 898, 451 A.2d 1308 (1982); LaBounty v. American Insurance Co., 122 N.H. 738, 451 A.2d 161 (1982); Maguire v. Exeter & Hampton Electric Co., 114 N.H. 589, 325 A.2d 778 (1974); Gagne v. Berry, 112 N.H. 125, 290 A.2d 624 (1972); Taylor v. Bullock, 111 N.H. 214, 279 A.2d 585 (1971); Clark v. Clark, 107 N.H. 351, 222 A.2d 205 (1966). As noted above, the fact that Gordon v. Gordon was not itself a libel case, and that its facts did not give rise to the peculiar problems that will occur if the rule is applied here, makes its relevance to the present situation uncertain.
 
 
 8
 Fifth, the "venue" and constitutional "choice of law" issues in this case are difficult enough (and important enough) to call potentially for Supreme Court resolution. Thus, the practical desirability of not extending this litigation unnecessarily, as well as the courts' traditional reluctance to render unnecessary constitutional decisions, see Rescue Army v. Municipal Court, 331 U.S. 549, 568-75, 67 S.Ct. 1409, 1419-23, 91 L.Ed. 1666 (1947); Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 345-48, 56 S.Ct. 466, 482-83, 80 L.Ed. 688 (1936) (Brandeis, J., concurring), suggest that we obtain an authoritative interpretation of New Hampshire law that may obviate the need to decide these other questions. See Mills v. Rogers, 457 U.S. 291, 305-06, 102 S.Ct. 2442, 2451-52, 73 L.Ed.2d 16 (1982) (directing certification to avoid constitutional issues).
 
 
 9
 We therefore certify to the Supreme Court of New Hampshire the following questions:
 
 
 10
 1. Does New Hampshire follow an interstate single publication rule in libel cases?
 
 
 11
 2. If so, does New Hampshire permit a plaintiff to recover for distribution of a libel in jurisdictions whose own statutes of limitations would bar recovery, where neither party is a New Hampshire resident, where the only factual connection with New Hampshire is the distribution there of one percent or less of the total circulation of the material, and where the relevant statute of limitations has expired in every jurisdiction but New Hampshire?